1

*Lead Counsel*
Matthew Kurilich, Bar Number 30712
17321 Irvine Boulevard, Suite 115
Tustin CA 92780
Tel (714) 231-9607
Fax (714) 734-3716
mattkurilich@yahoo.com

*Co-Counsel*
Mark Morrison, Bar Number 152561
220 Second ST, No. 30
Langley, WA 98260
Tel 360-221-0253
Fax 360-851-2010
mark@markmorrisonlaw.com

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MORRISON, an individual; | **Case No:** |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | 1. **BUSINESS & PROFESSIONS CODE SECTION 7031(b);** |
| ULI ZANGPO, an individual; | 2. **BREACH OF CONTRACT (failure to meet inspection deadlines);** |
| Defendant. | 3. **BREACH OF CONTRACT (defective and incomplete work);** |
| | 4. **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING;** |
| | 5. **COMMON COUNT: MONEY HAD AND RECEIVED;** |
| | 6. **COMMON COUNT; OPEN BOOK ACCOUNT** |

Plaintiff, Mark Morrison, (Plaintiff) alleges claims against Defendant, Uli Zangpo, (Defendant) as follows:

1

**THE PARTIES**

1.    Plaintiff is a citizen of the State of Washington, and Defendant is citizen
      of the State of California.  The amount in controversy exceeds, exclusive
      of interest and costs, the sum of $100,000.00.

2.    Venue is proper in the Northern District of California in that the
      Defendant is subject to personal jurisdiction in this district at the time the
      action is commenced, the claims arose in the Northern District of
      California, and there is no more appropriate district in which the action
      may otherwise be brought.  28 USC §1391(a)(3).

**FACTS COMMON TO ALL CLAIMS**

3.    Plaintiff owned a property at 30 Prospect Avenue, San Anselmo,
      California (the Property).

4.    Plaintiff desired to build a single-family residence on the Property.

5.    Plaintiff submitted his initial construction plans for the Property and, on
      April 26, 2006, his building permit was issued.

6.    A copy of the April 26, 2006 building permit is attached to this
      Complaint as Exhibit A.

7.    Defendant began providing contractor services as a sub-contractor to
      Plaintiff in May 2006.

8.    Plaintiff and Defendant entered into a written contract on June 21, 2006
      (the Contract).

9.    A copy of the alleged Contract is attached to this Complaint as Exhibit B.

10.   Under the Contract, Plaintiff agreed to pay Defendant $325,000 in cash
      and materials

COMPLAINT

11.  Under the Contract, Defendant agreed to build a single-family residence on the Property.

12.  Under the Contract, the Defendant agreed to build the alleged residence by October 15, 2006.

13.  The Plaintiff's designer, Pizzarello Engineering and Design (Pizzarello) drafted revised plans for the Property (Pizzarello Plans).

14.  Plaintiff provided Defendant with the Pizzarello Plans.

15.  The Pizzarello Plans were ready for submission to the City of San Anselmo (City) when Plaintiff provided them to Defendant.

16.  Plaintiff provided Defendant with the Pizzarello Plans within 10 days of the date that Plaintiff and the Defendant entered the Contract.

17.  A copy of the Pizzarello Plans was ready for submission to the City of San Anselmo (City) when Plaintiff provided them to Defendant.

18.  Before the Pizzarello Plans were submitted to the City, Defendant chose to have those plans revised by an architect that Defendant chose.

19.  Defendant selected Rushton Chartock Architects (Chartock) to revise the Pizzarello Plans.

20.  Defendant told Plaintiff that Defendant would be able to complete the work on the Property pursuant to the Chartock Plans without exceeding the $325,000 sum that Plaintiff agreed to pay Defendant under the Contract.

21.  Defendant based his budgetary analysis regarding the Chartock Plans on the assumption that Defendant could build more efficiently with a set of plans from Chartock.

COMPLAINT

22. Plaintiff agreed to use the Chartock Plans based on Defendant's agreement that Defendant would be responsible staying within the agreed upon budget for all costs associated with the new plans.

23. Defendant directed Plaintiff to enter into an agreement and pay for Chartock's revision services regarding the Pizzarello Plans.

24. Plaintiff entered a contract with Chartock to revise the Revised Plans for Plaintiff.

25. Plaintiff paid Chartock to revise the Pizzarello Plans for Plaintiff.

26. The Pizzarello Plans called for demolition of 30% of the existing structure, one vaulted ceiling in the master bedroom, a cantilever system over the garage allowing for the existing garage foundation to remain and for the existing 2 foot by 100 foot cinder block wall to remain intact.

27. The Chartock Plans called for demolition of 90% of the existing structure, four vaulted ceilings, demolition and expansion of the garage foundation, demolition of the existing retaining wall and rebuilding of a new 4 foot by 100 foot engineered cement retaining wall, required a land survey and a variance.

28. The original Pizzarello plans were submitted on March 13, 2006 followed by two re-submittals with building permit issued on April 26, 2006 forty-four days later.

29. The Chartock Plans were submitted on July 29, 2006 followed by four re-submittals with building permit issued on November 16, 2006 one hundred fourteen days later.

30. Defendant worked pursuant to the Chartock Plans before the City approved the Chartock Plans.

COMPLAINT

31. The City issued a stop work notice on August 31, 2006.

32. The City issued the stop work notice because the work had started before approval of the Chartock Plans.

33. A copy of the stop work notice is attached to this Complaint as Exhibit C.

34. Defendant asked Plaintiff to obtain a building permit for a retaining wall for the Property.

35. Plaintiff paid for an additional permit and expedited engineering fees for a retaining wall permit (Retaining Wall Permit).

36. The City issued the Retaining Wall Permit on October 25, 2006.

37. A copy of the Retaining Wall Permit is attached to this Complaint as Exhibit D.

38. A revised building permit was issued (i.e., approving the Chartock Plans) on November 15, 2006 (Revised Building Permit).

39. A copy of the Revised Building Permit is attached to this Complaint as Exhibit E.

40. Plaintiff and Defendant entered into a new contract on December 5, 2006 (Final Agreement).

41. A copy of the Final Agreement is attached to this Complaint as Exhibit F.

42. Under the Final Agreement, the budget for the building was increased to $375,000.

43. Under the terms of the Final Agreement, Plaintiff was required to pay Defendant $138,764 in compensation and pay an additional $38,771, at Defendant's direction, for labor, materials and services during the time that Defendant was working on the Property.

44. Plaintiff paid Defendant $177,535 in accordance with the Final Agreement.

45. Plaintiff made available to Defendant all building materials that Plaintiff was required to make available under the Final Agreement during the time that Defendant was working on the Property.

46. Plaintiff performed his obligations to Defendant under the Final Agreement.

47. Under the Final Agreement, the finish date was changed to May 1, 2007.

48. The Final Agreement provides: "timing is of the essence per the attached Prospect Financial Analysis."

49. A financial analysis attached to the Final Agreement projected that Plaintiff would break-even (i.e., not lose money or make a profit) if Defendant fulfilled his obligations under the Final Agreement.

50. Plaintiff had several conversations with Defendant and sent emails showing—based on historical trends in Marin County—that the appropriate time to market the Property would be in May 2007.

51. Plaintiff had several conversations with Defendant and sent emails showing—based on historical trends in Marin County—that the worst time for Plaintiff market the Property would be in August 2007.

52. Plaintiff had several conversations with Defendant and sent emails showing the real estate market was in danger of collapsing.

53. In an email dated December 27, 2006, the Plaintiff specifically cautioned "--- we have 0 tolerance for error at this point . . ."

54.    Copies of emails between Plaintiff and Defendant regarding the Marin
       County real estate market are attached to this complaint as Composite
       Exhibit G.

55.    The real estate market in Marin collapsed in August 2007, i.e., sales
       significantly slowed, and property values began to drop significantly.


**FIRST CLAIM**
**VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE**
**SECTION 7031(b)**

56.    Plaintiff re-alleges paragraphs 3-55 of this Complaint.

57.    Under California Business & Professional Code, §7031(b), "a person
       who utilizes the services of an unlicensed contractor may bring an action
       in any court of competent jurisdiction in this state to recover all
       compensation paid to the unlicensed contractor for performance of any
       act or contract."

58.    At all times pertinent to this Complaint, Defendant was not a licensed
       contractor in the State of California within the meaning of California
       Business & Professional Code, §7031.

59.    Prior to entering into a written contract on June 21, 2006, Plaintiff paid
       Defendant $15,714 for contractor services regarding the Property.

60.    After entering into a contract, Plaintiff paid directly to Defendant
       $138,764 for contractor services regarding the Property.

61.    After entering into a contract and at the direction of Defendant, Plaintiff
       paid $38,771 for materials and services.

62.    Plaintiff paid Defendant a total of $193,249 for contractor services and
       materials regarding the Property.

7

63.    Under California Business & Professional Code, §7031(b), Defendant owes Plaintiff $193,249 before the addition of prejudgment interest, if any.

64.    Plaintiff is entitled to prejudgment interest on this claim brought under California Business & Professional Code, §7031(b).

65.    Any such prejudgment interest that Defendant owes Plaintiff (due to this claim under California Business & Professional Code, §7031(b)) should be calculated from the dates that Plaintiff paid Defendant for unlicensed contractor services.

66.    Pursuant to California Business & Professional Code, §7031(b), Plaintiff has been damaged in the amount of $193,249, plus prejudgment interest, and costs.

### SECOND CLAIM
### BREACHES OF CONTRACT
### -   Failure to Meet Inspection Deadlines –
-

67.    Plaintiff re-alleges paragraphs 3-55 of this Complaint.

68.    The Final Agreement reads "timing is of the essence", and the Final Agreement includes the following deadlines for approved inspections of the Property:

a.   December 15, 2006—foundation inspection;

b.   March 1, 2007—framing inspection; and

c.   May 1, 2007—final inspection.

69.    The Final Agreement refers to the preceding deadlines as the "landmark date items."

70.    The Final Agreement makes reference to a promissory note related to a separate business transaction between Plaintiff and Defendant (Note).

8

71.   A copy of the Note is attached to this Complaint as Exhibit H.

72.   Under the Note, Plaintiff initially owed Defendant $125,000.

73.   At the time of the Final Agreement on December 5, 2006, the Plaintiff
      owed the Defendant $83,000 under the Note.

74.   The Final Agreement provides: "If any of the above landmark date
      schedule items are not met by the specific dates, Uli [Defendant] agrees
      to deduct $2,500[1] per week from the $83,000 and be personally
      responsible."

75.   The Final Agreement entitles Plaintiff to liquidated damages of $2,500
      for each week that passes after a landmark date item is not completed on
      schedule, until that landmark item is completed.

76.   Defendant failed to receive an approved foundation inspection by
      December 15, 2006.

77.   Defendant obtained an approved foundation inspection on February 16,
      2007.

78.   Because the Defendant was 61 days late in obtaining an approved
      foundation inspection, the Final Agreement entitles Plaintiff to a $21,785
      credit against the Note as of February 16, 2007.

79.   Defendant failed to receive an approved framing inspection by March 1,
      2007.

80.   On March 21, 2007, Defendant sent an email to Plaintiff stating that he
      would not do any further work on the Property.  The email stated:
      "'Framing on site' had commenced, with a full crew on Mon. the 19th,
      despite Greg not showing up.  The absence of concise communication

COMPLAINT

from you, in the light of what Steve & Jim convey to me from your meeting at Steven's house, can be inferred to be the end of any appropriateness of my doing anything further for the Prospect project.  Karma to You.'"

81.    A copy of the March 21, 2007 "Karma to You" email from Defendant is attached to this Complaint as Exhibit I.

82.    Defendant never returned to perform work on the Property after March 21, 2008.

83.    Plaintiff, a licensed attorney, personally took over the building of the house on March 21, 2007.

84.    The Property did not receive an approved final inspection by May 1, 2007.

85.    Due to Plaintiff's efforts, the Property passed its framing inspection on June 28, 2007.

86.    Because the Property passed framing inspection 120 days late, the Final Agreement entitles Plaintiff to an additional $42,857 credit against the Note as of June 28, 2007.

87.    Plaintiff had the house completed and the Property ready for market with a broker's preview on September 27, 2007.

88.    Because the Property passed final inspection 151 days late, the Final Agreement entitles Plaintiff to an additional $53,928 in liquidated damages with $18,268 credit against the Note as of September 27, 2007 and $35,600 in Defendant's personal liability.

---

[1] The $2,500 was based upon Plaintiff's carrying cost of approximately $10,000 per month.

COMPLAINT

89.  The Final Agreement entitles Plaintiff to a total amount of penalties equaling $118,600 with $83,000 credit against the Note and $35,600 in Defendant's personal liability.

90.  Due to Defendant's failure to meet the deadlines for approved inspections under the Final Agreement, Plaintiff has been damaged in the amount of $118,600 and is entitled to a declaration that he is entitled to a credit against the Note due in the amount of $83,000 and for a monetary judgment in the amount of $35,600.

### THIRD CLAIM
### BREACHES OF CONTRACT
### - Defective and Incomplete Work -

1.  Plaintiff re-alleges paragraphs 3-55 of this Complaint.

2.  Although Defendant eventually obtained a signed foundation permit, Defendant actually failed to complete the south side of the foundation.

3.  The work Defendant did perform on the Property was defective in multiple respects, and Plaintiff incurred additional expenses and loss of time.

    a.  The garage floor slab for the house was poured 4" too high.

    b.  Because the slab was defective by 4", Plaintiff was required to demolish and re-pour the slab.

    c.  The west wall of the house was formed without a notch for a major supporting beam.

    d.  Because the west wall was formed without a notch for a major supporting beam, Plaintiff was required to cut a notch manually into the cement wall.

4.   During the building process, Plaintiff was required to make a minor modification to the Chartock Plans to correct a mistake and a revised building permit was issued on June 11, 2007 (Second Revised Building Permit).

5.   A copy of the Second Revised Building Permit is attached to this Complaint as Exhibit J.

6.   When Defendant began work on the Property, the Property had a retaining wall (Old Retaining Wall).

7.   Defendant demolished the Old Retaining Wall.

8.   Due to Defendant's destruction of Old Retaining Wall, the City of San Anselmo mandated that a new retaining wall be built on the Property.

9.   Defendant did not build a new retaining wall on the Property.

10.  Due to Defendant's destruction of Old Retaining Wall, Defendant was obligated to build a new retaining wall on the Property that complied with the City's mandate regarding a retaining wall.

11.  Under the Final Agreement, Plaintiff was supposed to incur $375,000 to complete construction on the Property.

12.  In addition to the $177,535 Plaintiff paid Defendant, Plaintiff paid an additional $515,004 to complete construction on the Property and mitigate Plaintiff's loss.

13.  Plaintiff's total cost to complete construction on the Property was $692,539.

14.  The Property went into escrow on December 10, 2007 and closed on January 11, 2008.

COMPLAINT

15.  As a result of Defendant's breaches of his obligation under the Final Agreement to provide a single-family residence by May 1, 2007, Plaintiff suffered legal injury and is entitled the following damages:

a.  $317,539 ($692,539-$375,000) in additional building costs;

b.  $43,160 in additional financial carrying costs (*i.e.*, property taxes, interest on first, second and third mortgages); and

c.  $48,000 for Plaintiff's management of the project.

16.  Due to Defendant's defective and incomplete work relative to the Final Agreement, Plaintiff has been damaged in the amount of $408,699.

## FOURTH CLAIM
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

17.  Plaintiff re-alleges paragraphs 3-55 of this Complaint.

18.  The covenant of good faith and fair dealing obligated the Defendant to perform the terms and conditions of the Agreement fairly and in good faith and to refrain from doing any act that would prevent or impede Plaintiff's ability to perform his conditions of the contract that he agreed to perform, or any act that would deprive Plaintiff of the benefits of the contract.

19.  The State of California incorporates into each contract an implied covenant of good faith and fair dealing.

20.  Defendant breached this covenant by not committing the necessary time, money, resources and diligence to the timely development of the Property.

21.  Defendant further breached this covenant by imperfect performance.

22.   Defendant further breached this covenant by requesting monies from Defendant under the belief that Defendant was using those monies for payment of sub-contractors and materials when, in fact, Defendant was using those monies for his own personal benefit.

23.   Defendant further breached this covenant by manipulating Plaintiff in believing "winter building" necessitated an additional $50,000 in increased costs as evidenced by the increased budgeted amount from $325,000 to $375,000 in the Final Agreement.

24.   Defendant further breached the implied covenant of good faith and fair dealing by depriving Plaintiff of the benefits owed him under the terms of the Agreement.

25.   Under the Final Agreement,

   a.   Plaintiff paid Defendant $177,535;

   b.   Defendant accrued $118,570 in penalties;

   c.   Plaintiff spent an additional $317,539 to finish the house;

   d.   Plaintiff incurred $43,160 in carrying costs due to Defendant's lack of timeliness; and

   e.   Plaintiff spent six months personally managing the project valued at $48,000.

26.   Due to Defendant's breach of this covenant, Plaintiff has been damaged in the amount of $704,804.

## FIFTH CLAIM FOR COMMON COUNT: MONEY HAD AND RECEIVED

27.   Plaintiff re-alleges paragraphs 3-55 of this Complaint.

COMPLAINT

28.    Defendant became indebted to Plaintiff within the last two years for money had and received by Defendant for the use and benefit of Plaintiff.

29.    Defendant became indebted to Plaintiff within the last two years for money paid, laid out, and expended to or for Defendants at Defendant's special instance and request.

30.    The money received by Defendant was not used for the benefit of Plaintiff.

31.    Plaintiff has demanded payment from Defendant.

32.    As of the date of this action, Plaintiff has not received any monies from Defendant leaving a balance due of $177,535.

## SIXTH CLAIM FOR COMMON COUNT: OPEN BOOK ACCOUNT

33.    Plaintiff re-alleges paragraphs 3-55 of this Complaint.

34.    Defendant became indebted to Plaintiff within the last four years on an open book account for money due because an account was stated in writing by and between Plaintiff and Defendant in which it was agreed that Defendant was indebted to Plaintiff relative to the December 5, 2006 Final Agreement.

35.    Pursuant to the Final Agreement, Plaintiff paid to or at the direction of Defendant an amount equal to $177,535.

36.    Plaintiff has demanded payment from Defendant.

37.    As of the date of this action, Plaintiff has not received any monies from Defendant leaving a balance due of $177,535.

**WHEREFORE**, Plaintiff prays that he be awarded judgment against Defendants, and each of them, for:

**FIRST CLAIM**

1.    Damages in the amount of $193,249, plus interest at the legal rate;

2.    Plaintiff's costs in this action;

3.    Such other and further relief as the Court may deem just and proper.

**SECOND CLAIM**

4.    Damages in the amount of $118,570 late penalties (declaration that Plaintiff is entitled to an offset against the Note of $83,000 and an additional $35,570 cash damages), plus interest at the legal rate;

5.    Plaintiff's costs in this action;

6.    Such other and further relief as the Court may deem just and proper.

**THIRD CLAIM**

7.    Damages in the amount of $408,699, plus interest at the legal rate;

8.    Plaintiff's costs in this action;

9.    Such other and further relief as the Court may deem just and proper.

**FOURTH CLAIM**

10.    Damages in the amount of $704,804, plus interest at the legal rate;

11.    Plaintiff's costs in this action;

12.    Such other and further relief as the Court may deem just and proper.

**FIFTH CLAIM**

13.    Damages in the amount of $177,535, plus interest at the legal rate;

14.    Plaintiff's costs in this action;

15.    Such other and further relief as the Court may deem just and proper.

COMPLAINT

1

2

**SIXTH CLAIM**

3

16.    Damages in the amount of $177,535, plus interest at the legal rate;

4

17.    Plaintiff's costs in this action;

5

18.    Such other and further relief as the Court may deem just and proper.

6

7

Dated:          April 9, 2008                    Respectfully submitted,

8

MATT KURILICH ATTORNEY AT LAW

9

10

By:_____

11

Matt Kurilich,
Attorney for Plaintiff

12

13

*Co-Counsel*
Mark Morrison, Bar Number 152561

14

220 Second ST, No. 30
Langley, WA 98260
Tel 360-221-0253

15

Fax 360-851-2010
mark@markmorrisonlaw.com

16

17

18

19

20

21

22

23

24

25

17

COMPLAINT

Department of Public Works & Planning
525 San Anselmo Ave., San Anselmo, CA 94960
(415) 258-4616   Fax (415) 454-4683



THE TOWN OF
SAN ANSELMO

Permit No. 48987
Date Issued 4-26-06
Date Submtd 3|13|06
Resubmtd 3/27/06
4/10/06

# BUILDING PERMIT

Provide all the information above the double line and on the back of this form.

☑ Residential
☐ Commercial

**PROPERTY ADDRESS** 30 PROSPECT AVE    AP # 066-192-17

Applicant MARK MORRISON    Phone No. 415-460-1056    Fax No. 415-366-1415
Address 524 SAN ANSELMO AVE #22 City SAN ANSELMO    Zip Code 94960
Owner SAME    Phone No. 415-4    Fax No.
Address SAME    City    Zip Code
Designer GUY PIZZARELLO    Phone No. 949-492-5981    Fax No. 949-498-3020
Address 130 W. AVINODA CORDOBA    City SAN CLEMENTE    Zip Code 92672
Contractor PAUL WARREN    Phone No. 619-252-7317    Fax No. 415-366-1415
Address 33 LANSDALE AVE    City SAN ANSELMO    Zip Code 94960

DESCRIPTION OF WORK (be specific) REMODEL INTERIOR /EXTERIOR, ADD APPROXIMATELY
300 SQUARE FEET

_____   This is a revision to Permit # _____

ESTIMATED VALUE OF WORK: $ 200,000    (Including all labor and materials)

Applicant understands that this permit expires and becomes null and void should work not be commenced within 180 days from date of issue, or should construction be suspended or abandoned for a period of 180 days. Applicant certifies that the information provided herein is correct to the best of their knowledge and agrees to comply with all Town, county, and state laws relating to building construction, and hereby authorizes representatives of the Town to enter upon the project property for inspection purposes.

APPLICANT'S SIGNATURE: _____   DATE: 3-8-06

Drawings attached:
(✓) Yes  ( ) No

## DO NOT WRITE BELOW THIS LINE - FOR OFFICE USE ONLY

| Fees: value = $ | Budget Account | At Submtl | At Issue | Work must be done in accordance with the 2001 editions of the California Building Code, California Plumbing Code, California Mechanical Code, 2004 California Electrical Code & 2005 Energy Code. Additional requirements and/or comments are as follows: |
|---|---|---|---|---|
| Plan Check | 01.53.320 | 1,365.87 | 276.20 | |
| Energy Fee | 01.53.320 | | 256.03 | |
| Building Permit | 01.53.325 | | 1706.85 | |
| Plumbing Permit | 01.53.330 | | 3.39 | |
| Electrical Permit | 01.53.335 | | 316.50 | |
| Mechanical Permit | 01.53.340 | | 376 | |
| Pool, Spa, Hot Tub | 01.53.350 | | — | |
| Gross Receipts Tax | 01.52.203 | | 100 | |
| State Seismic Fee | 01.24..03 | | 20 | |
| Plan Storage Fee | 01.24.02 | | 36.00 | |
| Road Bond | 01.24.25 | | 2,000 | |
| Road Impact Fee | 19.57.709 | | 2,000 | |
| Planning Fee | 01.57.705 | | | |

Total Fees Due:   $ 1,365.87   $ 7,253.60

Notes: PLAN P/C: 90   BLING
        $1,275.87
   79.12
   276.35 P
   40.15 M

Approved by: K Angerma    Date: 4/11

Revised

8.9    41545634967    EXHIBIT A    BYHAND    Mar 13 08 09:47a

# ...N OF SAN ANSELMO – Department of Public Works, 525 San Anselmo Av...

## INSPECTION RECORD
### OFFICE COPY

**...site Address** 30 PROSPECT AVE

**Description of Work** REMODEL + ADDITION

| Building Permit # | Electrical Permit # | Mechanical Permit # | Date Issued | Plumbing Permit # | Pool/Spa/Hot Tub Permit # |
|---|---|---|---|---|---|
| 468987 | 48987 | 48987 | 4-26-06 | 48987 | 48987 |

Latest revision: 10/17/05

| INSPECTION | DATE COMPL. | INSPECTOR | INSPECTOR'S NOTES   (COMMENTS OR PARTIAL INSPECTIONS) |
|---|---|---|---|
| **BUILDING** | | | |
| Temporary power panel | | | |
| Footing | 5/9/06 | EA | (X) setbacks   (X) rebar   (X) hold-downs All posts but 3&4 4201 hold-downs |
| Slab   2 front Porch footings | 4/15/07 | EA | ( ) rebar   ( ) embeds   + 1 day slab passed 5/16/06 EA |
| Underfloor framing | | | |
| ( ) underground ( ) underfloor plumbing | | | |
| ( ) underground ( ) underfloor mechanical | | | |
| ( ) underground ( ) underfloor electrical | | | |
| Shear walls | | | ( ) interior   ( ) exterior |
| Roof  (in-progress) | | | ( ) sheathing   ( ) nailing |
| Rough framing  (walls / ceiling / roof) | | | See details on 4/15/07 EA |
| Rough plumbing | | | ( ) water   ( ) gas test   ( ) waste |
| Rough mechanical | | | |
| Rough electrical | | | |
| Insulation | | | ( ) walls   ( ) roof   ( ) floor |
| Wallboard | | | |
| Fireplace | | | ( ) combustion air |
| Exterior walls | | | ( ) vapor barrier   ( ) stucco lath |
| **SWIMMING POOL / SPA / HOT TUB** | | | |
| Pre-gunite | | | ( ) Barriers: fence / gates / cover |
| Rough plumbing & gas | | | ( ) plumbing   ( ) gas |
| Rough electrical | | | ( ) steel bonding |
| **OTHER:** Garage sidewall per 10-1-14 | 2/16/02 | EA | |
| | | gas | This permit is Revised by permit #50974 |
| | | | All future not to be on that permit |
| **FINAL INSPECTION (must be completed prior to occupancy)** | | | ( ) required before final Bldg. inspection |
| Planning Dept. | | | (X) required before final Bldg. inspection |
| Fire Dept. | | | ( ) required before final Bldg. inspection   ( ) hydrotest |
| Sanitary District #1 release | | | (X) Arch/Engr   ( ) Geotech   ( ) other: |
| Struct. Observation/Special Inspection Documents | | | |
| Meter authorization   ( ) electric | | | (X) smoke detectors (X) address numbers |
| Bldg. Dept. | Final | Wood EA | |

JOB Remodel of 30 Prospect AVE, San Anselmo, CA 94960

| | |
|---|---|
| Mark's Basis as of April 1, 2006 | 1100000 |
| Capital Investment since April 1, 2006 | 80000 |

Set Gross Budget for Job                         325000 Minus "Prepaid Materials"

Prepaid Materials
| | | |
|---|---|---|
| Windows | 25520 | |
| Viking Appliances | 12800 | per invoice (frig, range, vent, dishwasher, |
| convection microwave) | | |
| Cabinets from Cemil | 30000 | |
| | 68320 | |

Set Net Budget for Job                           256680

Material Costs (Does Not Include Labor Unless Indicated) (Mark's Estimates)

| | | |
|---|---|---|
| Framing | 10000 | |
| Electrical | 7000 | (new 200amp panel, wiring, outlets, |
| switches, plates, etc.) | | |
| Plumbing | 7000 | (copper, abs, plumbed for 3 1/2 baths with |
| fixtures and materials) | | |
| Drywall | 10000 | (5/8 with flat finish) |
| Finish Trim | 5000 | |
| Siding | 7000 | (stained cedar shake, window trim 2x4 and |
| 2x6 surrounds copper drip edge) | | |
| Roofing | 5000 | (3 dimensional composition shingle) |
| Skylights | 6000 | (Velux operational and stationary) |
| Lighting Fixtures | 10000 | (cans, sconces, trim, etc.) |
| Landscaping | 15000 | (concrete driveway, concrete entry/block |
| wall faced with stone, 4 concrete patios faced with stone --- one with steps, flagstone path, rock | | |
| retaining walls, drainage system, sprinkler system, fireplace and second story faced with stone | | |
| vaneer) | | |
| Fire Sprinkler | 6000 | materials and labor |
| Front Door/Interior Doors/Hardware | 8000 | (23 at 200 simpson mdf, 1700 front |
| simpson wood, 23 at 70 emtek) | | |
| Wood Flooring | 7000 | (7sf 3/4" brazilian cherry or pecan) |
| Carpet | 5000 | materials and labor |
| Paint | 2000 | (interior, garage, exterior as needed --- per |
| Mark's design specifications) | | |
| Closet Organizers | 2000 | (6 closets) |
| Furnace/Ducting | 10000 | (materials and labor) |
| Plumbing Fixtures | 5000 | (10 at 500 brushed nickel finish) |
| Toilet | 500 | (1 to be purchased and Mark supplies 3) |
| Sinks | 2000 | (2 elkay and  5 kohler, 1 laundry room |
| basin if needed) | | |
| Granite Tops | 8000 | (kitchen and three bathrooms tops and |
| backsplash, approximately 80 sf at $100) | | |
| Tubs | 2000 | (1 kohler tea for two jet 72"/1 kholer 60") |
| Tile | 5600 | (kitchen backsplash, 3 1/2 bathroom floors, |

EXHIBIT B

laundry floor, 3 showers to ceiling, some diagano, approximately 700 sf at 8/sf)

| | |
|---|---|
| Shower/Bath Doors | 4000 (3 with 3/8" glass --- 2 for shower doors/1 |
| for tub sliding doors) | |
| Garage Doors | 10000 (materials and labor --- 2 wood carriage |
| house style doors roll up with openers) | |
| Copper Gutters/Valleys | 10000 (materials and labor --- approximately 250 |
| lineal feet of gutter, 100 lineal feet of downspout and valleys as needed) | |
| Net Materials | 169100 |
| Prepaid Materials | 68320 |
| Total | 237420 |

Uli agrees to take over the remodel of 30 Prospect AVE San Anselmo beginning 6-22-06 and
to have the property ready for sale by October 15, 2006 at the set budget.

Mark agrees to pay for the Prepaid Materials and make available in a timely manner
and to pay Uli the set Net Budget of $256,680 in a timely manner as needed.

Mark has final decision on all design and interior design features.  If Uli makes any changes
to the existing or revised plans, Mark must approve and all purchased Anderson doors and windows
must be used in any new plans and any associated cost of new plans at Uli's expense.       Uli has
final decision on all construction of the property.

Mark and Uli agree to use their best efforts and act in good faith in honoring the intention of this
agreement
which is to have the property in a marketable condition per the quality specifications above by
October 15, 2006.
As of April 1, 2006, Mark owed Uli $125,000 and has paid that debt down $42,000 leaving a
balance of $83,000.
If the property is not ready for sale by October 1, 2006, Uli agrees to deduct $10,000 per month
until the property is ready for sale.  Mark is square with Uli and Jake at this point.


Uli Zangpo          6/21/2006          Mark Morrison          6/21/2006



**Barbara Thornton**
*Mayor*

**Wayne Cooper**
*Vice Mayor*

**THE TOWN OF**
## SAN ANSELMO

525 San Anselmo Avenue, San Anselmo, CA 94960-2682
www.townofsananselmo.org

**Peter Breen**
*Councilmember*

**Ted Freeman**
*Councilmember*

**Ian Roth**
*Councilmember*

September 1, 2006

Mark Morrison                          Fax: 366-1415
524 San Anselmo Avenue #224
San Anselmo, CA 94960

Subject: 30 Prospect Avenue
         AP# 006-192-17
         Stop Work Order - Permit #48987

Dear Mr. Morrison:

A site visit was made to your property yesterday by myself, the project planner and the Public Works Director. It was obvious that an extensive amount of work has been done that was not authorized on the permit issued 4/26/06. Not only was this amount of work not authorized, but it exceeds the work described on the application for a revision made 7/29/06.

The most recent drawings submitted 8/28/06 do not correctly show the property lines, the extent of demolition observed and the grading required to construct the project.

As a result, you are directed to stop all work until the scope of work is resolved and a valid permit covering this work scope is issued.

If you have any questions, please call me at 258-4604.

Sincerely,

*E. Keith Angerman*

E. Keith Angerman, P.E.
Chief Building Official

Cc: Eric Robbe, Building Inspector
    Barbara Chambers
    Rabi Elias

### EXHIBIT C

Administration/Finance: 415-258-4600 - FAX 415-459-2477 - email: adm-finance@ci.san-anselmo.ca.us
Planning/Public Works/Building: 415-258-4616 - FAX 415-454-4683
emails: planning@ci.san-anselmo.ca.us – publicworks@ci.san-anselmo.ca.us

Department of Public Works & Planning
525 San Anselmo Ave., San Anselmo, CA 94960
(415) 258-4616   Fax (415) 454-4683

**SAN ANSELMO**

Permit No. _50759_
Date Issued _10.25.06_
Date Submtd _9/21/06_
Resubmtd _9/25/06_

# BUILDING PERMIT

Provide all the information above the double line and on the back of this form.

☑ Residential
☐ Commercial

PROPERTY ADDRESS _30 PROSPECT AVE_      Parcel # _006-192-17_
Applicant _MARK MORRISON_      Phone No. _415-686-2763_    Fax No. _415-366-1415_
Address _524 SAN ANSELMO AVE #224_   City _SAN ANSELMO_    Zip Code _94960_
Owner _SAME_       Phone No. ___      Fax No. ___
Address ___        City ___      Zip Code ___
☑Architect ☐Engineer ☐Designer _RUSHTON CHARTOCK_  Phone No. _457-2802_  Fax No. _457-2873_
Address _1620 SIR FRANCIS DRAKE BLVD_  City ___   Zip Code ___
Contractor _FAIRFAX CA 94978_     Phone No. _488-4772_   Fax No. ___
Address _LINCPR PO BOX 567_    City _FOREST KNOLLS_   Zip Code _CA 94923_
DESCRIPTION OF WORK (be specific) _RETAINING WALL - NOT TO EXCEED 4' IN HEIGHT_

This is a revision to Permit # ___

ESTIMATED VALUE OF WORK: $ _15,000_      (Including all labor and materials)  **ATF**

Applicant understands that this permit expires and becomes null and void should work not be commenced within 180 days from date of issue, or should construction be suspended or abandoned for a period of 180 days. Applicant certifies that the information provided herein is correct to the best of their knowledge and agrees to comply with all Town, county, and state laws relating to building construction, and hereby authorizes representatives of the Town to enter upon the project property for inspection purposes.

APPLICANT'S SIGNATURE:      DATE: _8-21-06_      Drawings attached: ☑Yes ( ) No

DO NOT WRITE BELOW THIS LINE - FOR OFFICE USE ONLY

| Fees: value = $ | Budget Account | At Submtl | At Issue |
|---|---|---|---|
| Plan Check | 01.53.320 | 208.16 | — |
| Energy Fee | 01.53.320 | | — |
| Building Permit x2 | 01.53.325 | | 640.50 |
| Plumbing Permit | 01.53.330 | | — |
| Electrical Permit | 01.53.335 | | — |
| Mechanical Permit | 01.53.340 | | — |
| Pool, Spa, Hot Tub | 01.53.350 | | — |
| Gross Receipts Tax | 01.52.203 | | 7.50 |
| State Seismic Fee | 01.24.03 | | 1.50 |
| Plan Storage Fee | 01.24.02 | | 2.00 |
| Road Bond | 01.24.25 | | — |
| Road Impact Fee | 19.57.709 | | 150.00 |
| Planning Fee | 01.57.705 | | |
| Total Fees Due: | | $228.16 | $801.50 |

Work must be done in accordance with the 2001 editions of the California Building Code, California Plumbing Code, California Mechanical Code, 2004 California Electrical Code & 2005 Energy Code. Additional requirements and/or comments are as follows: _Work began of retaining wall before permit was applied for._

Notes:
**EXHIBIT D**

Approved by: _K. Angerman_   Date: _9/26/06_
Revised: 2/14/06

# TOWN OF SAN ANSELMO - Department of Public Works, 525 San Anselmo Ave, San Anselmo, CA 94960

## INSPECTION RECORD
### OFFICE COPY

**Site Address:** 30 Prospect Ave

**Description of Work:** New retaining wall

| Building Permit # | Electrical Permit # | Mechanical Permit # | Date Issued | Plumbing Permit # | Pool/Spa/Hot Tub Permit # |
|---|---|---|---|---|---|
| 56759 | | | 10-25-06 | | |

| INSPECTION | DATE COMPL | INSPECTOR | INSPECTOR'S NOTES (COMMENTS OR PARTIAL INSPECTIONS) |
|---|---|---|---|
| **BUILDING** | | | |
| Temporary power panel | | | |
| Footing | 4/14/07 | ER | ( X ) setbacks ( X ) rebar ( ) hold-downs  4/25/07 ER (stem wall c+) |
| Slab | | | ( ) rebar ( ) embeds |
| Underfloor framing | | | |
| ( ) underground ( ) underfloor plumbing | | | |
| ( ) underground ( ) underfloor mechanical | | | |
| ( ) underground ( ) underfloor electrical | | | |
| Shear walls | | | ( ) interior ( ) exterior  Rough address  |
| Roof (in-progress) | 6/6/07 | ER | ( ) sheathing ( ) nailing  6/6/07 4/11/07 EA Sheathing Splice by R Bch |
| Rough framing (walls / ceiling / roof) | | | |
| Rough plumbing | | | ( ) water ( ) gas test ( ) waste |
| Rough mechanical | | | |
| Rough electrical | | | |
| Insulation | | | ( ) walls ( ) roof ( ) floor |
| Wallboard | | | |
| Fireplace | | | ( ) combustion air |
| Exterior walls | | | ( ) vapor barrier / lath ( ) Scratch coat |
| **SWIMMING POOL / SPA / HOT TUB** | | | |
| Pre-gunite | | | ( ) Barriers: fence / gates / cover / alarms |
| Rough plumbing & gas | | | ( ) plumbing ( ) gas |
| Rough electrical | | | ( ) steel bonding |
| **OTHER:** | | | |
| Retaining Wall Drainage | 5/31/07 | ER | |
| wtr/g back fill | | ER | |
| Wall & drain passed | 6/11/07 | ER | |
| **FINAL INSPECTION (must be completed prior to occupancy)** | | | |
| Planning Dept. | | | ( ) required before final Bldg. inspection |
| Fire Dept. | | | ( ) required before final Bldg. inspection |
| Sanitary District #1 release | | | ( ) required before final Bldg. inspection |
| Struct. Observation/Special Inspection Documents | | | ( ) Arch/Engr ( ) Geotech ( ) other: |
| Meter authorization | | | ( ) electric ( ) gas |
| Bldg. Dept. | Final 7/9/07 | ER | ( ) hydrotest |

Latest revision: 6/25/06

Case 3:08-cv-01945-EMC   Document 16   Filed 04/11/2008   Page 1 of 2



Department of Public Works & Planning
525 San Anselmo Ave., San Anselmo, CA 94960
(415) 258-4616   Fax (415) 454-4683

THE TOWN OF
SAN ANSELMO

Permit No. _50949_
Date Issued _11/16/06_
Date Submtd _7-28-06_
Resubmtd _8/3/06_
_10/25/06_ _8/29/06_
_11-7-06_

# BUILDING PERMIT

Provide all the information above the double line and on the back of this form.

☑ Residential   ☐ Commercial

**PROPERTY ADDRESS** _30 PROSPECT AVE_    AP # _006-192-17_

Applicant _MARK MORRISON #224_ Phone No. _415-686-2763_ Fax No. _415-366-7915_
   Address _524 SAN ANSELMO AVE_ City _SAN ANSELMO_ Zip Code _94960_
Owner _MARK MORRISON_ Phone No. _SAME_ Fax No. _SAME_
   Address _SAME_ City _SAME_ Zip Code _SAME_
Contractor _MARK MORRISON_ Phone No. _415-686-2763_ Fax No.
   Address _SAME_ City _SAME_ Zip Code
Designer _GUY PIZZARELLO_ Phone No. _949-492-5981_ Fax No. _949-498-3020_
   Address _130 W AVINEDA CORDOBA_ City _SAN CLEMENTE_ Zip Code _92672_

DESCRIPTION OF WORK (be specific) _MOVE FRONT DOOR, ADD PORCH, ADD WINDOW_
_SEATS, EXTEND WEST WALL, remodel all rooms, gut and improve structure,_
_re-roof, re-side, re-window, re-landscape, replace retaining walls_
This is a revision to Permit # _48787_

ESTIMATED VALUE OF WORK: $_400,000_   (Including all labor and materials)  **ATF**

Applicant understands that this permit expires and becomes null and void should work not be commenced within 180 days from date of issue, or should construction be suspended or abandoned for a period of 180 days. Applicant certifies that the information provided herein is correct to the best of their knowledge and agrees to comply with all Town, county, and state laws relating to building construction, and hereby authorizes representatives of the Town to enter upon the project property for inspection purposes.

APPLICANT'S SIGNATURE: _____   DATE: _7-27-06_   Drawings attached: (✓) Yes ( ) No

## DO NOT WRITE BELOW THIS LINE - FOR OFFICE USE ONLY

| Fees: value = S | Budget Account | At Submtl | At Issue |
|---|---|---|---|
| Plan Check | 01.53.320 | 371.86 | 525.00 |
| Energy Fee | 01.53.320 | | |
| Building Permit X 2 | 01.53.325 | | 5853.70 |
| Plumbing Permit X 2 | 01.53.330 | | 160.00 |
| Electrical Permit X 2 | 01.53.335 | | 160.00 |
| Mechanical Permit X 2 | 01.53.340 | | 160.00 |
| Pool, Spa, Hot Tub | 01.53.350 | | |
| Gross Receipts Tax | 01.52.203 | | 400.00 |
| State Seismic Fee | 01.24.03 | | 40.00 |
| Plan Storage Fee | 01.24.02 | | 32.00 |
| Road Bond | 01.24.25 | | 2,000 |
| Road Impact Fee | 19.57.709 | | 4,000.00 |
| Planning Fee | 01.57.705 | | |
| **Total Fees Due:** | | $ 571.86 | $ 13,330.70 |

Work must be done in accordance with the 2001 editions of the California Building Code, California Plumbing Code, California Mechanical Code & California Electrical Code. Additional requirements and/or comments are as follows:
_STOP WORK ORDER ISSUED 8/3/06 FOR_
_STARTING ALL THE WORK BEFORE APPROVED_

Notes: BLDG P/C _479.86_
   E/P/m   _92._
        _571.86_
BLDG= 1 HR 7/28/06 Ka 1 HR 8/16 Ka 1 HR 11/13 Ka
   3¼ HR 8/3 1K 2 HR 8/30 Ka

Approved by: _Kathe Fregerro_   Date: _11/13_
**EXHIBIT E**               Revised

# CITY OF SAN ANSELMO - Department of Public Works, 525 San Anselmo Ave., San Anselmo, CA 94960

## INSPECTION RECORD
### OFFICE COPY

**Site Address:** 30 Prospect Ave.

**Description of Work:** reconstruction / remodel of whole house

| Building Permit # | Electrical Permit # | Mechanical Permit # | Plumbing Permit # | Pool/Spa/Hot Tub Permit # |
|---|---|---|---|---|
| 5D949 | 5D949 | 5D949 | 5D949 | |

**Date Issued:** 11/6/06

| INSPECTION | DATE COMPL. | INSPECTOR | INSPECTOR'S NOTES (COMMENTS OR PARTIAL INSPECTIONS) |
|---|---|---|---|
| **BUILDING** | | | |
| Temporary power panel | | | |
| Footing | 11/8/06 | ER | (X) setbacks (X) rebar (X) hold-downs |
| Slab | | | ( ) rebar ( ) embeds |
| Underfloor framing | | | |
| ( ) underground ( ) underfloor plumbing | | | |
| ( ) underground ( ) underfloor mechanical | | | |
| ( ) underground ( ) underfloor electrical | | | |
| Rough electrical | | | |
| Rough mechanical | | | |
| Rough plumbing | | | ( ) water ( ) gas test ( ) waste |
| Rough framing (walls / ceiling / roof) | | | |
| Roof (in-progress) | | | ( ) sheathing ( ) nailing |
| Shear walls | | | ( ) interior ( ) exterior |
| Insulation | | | |
| Wallboard | | | ( ) walls ( ) roof ( ) floor |
| Fireplace | | | |
| Exterior walls | | | ( ) combustion air |
| **SWIMMING POOL / SPA / HOT TUB** | | | ( ) vapor barrier / lath ( ) Scratch coat |
| Pre-gunite | | | ( ) Barriers: fence / gates / cover / alarms |
| Rough plumbing & gas | | | ( ) plumbing ( ) gas |
| Rough electrical | | | ( ) steel bonding |
| **OTHER:** Crawlspace side wall shpr D. 11/4 | 11/16/07 | ER | |
| **FINAL INSPECTION (must be completed prior to occupancy)** | | | perm.# 45997 is inclusive to this permit. |
| Planning Dept. | | | (X) required before final Bldg. inspection |
| Fire Dept. | | | (X) required before final Bldg. inspection |
| Sanitary District #1 release | | | ( ) required before final Bldg. inspection |
| Struct. Observation/Special Inspection Documents | | | (X) Arch/Engr ( ) Geotech ( ) other |
| Meter authorization ( ) electric ( ) gas | | | |
| Bldg. Dept. | Final 1/10/08 ER | | ( ) hydrotest |

Latest revision: 8/25/06

THIS AGREEMENT WAS ENTERED INTO 6-22-06 AND IS NOW BEING REVISED AS FOLLOWS:
PAGE 1
JOB Remodel of 30 Prospect AVE, San Anselmo, CA 94960

| | |
|---|---|
| Mark's Basis as of 4-1-06 | 1100000 |
| Mark Capital Investment since 4-1-06 | 96000 |
| Uli Capital Investment since 6-22-06 | 165015 |
| Set Gross Budget for Job | 375000 Minus "Prepaid Materials" |
| Prepaid Materials | |
| Windows | 25520 |
| Viking Appliances | 12800 per invoice (frig, range, vent, dishwasher, |
| convection microwave) | |
| Cabinets from Cemil | 30000 |
| Total Prepaid Materials | 68320 |
| Total Uli Capital Investment | 165015 |
| Set Net Budget for Job | 141665 |
| Reserve for Materials | 100000 |
| Remaining for Labor | 41665 |

Material Costs (Does Not Include Labor Unless Indicated) (Mark's Estimates)

| | |
|---|---|
| Framing | 10000 |
| Electrical | 7000 (new 200amp panel, wiring, outlets, |
| switches, plates, etc.) | |
| Plumbing | 7000 (copper, abs, plumbed for 3 1/2 baths with |
| fixtures and materials) | |
| *Drywall | 10000 (5/8 with flat finish) |
| Finish Trim | 5000 |
| *Siding | 7000 (stained cedar shake, window trim 2x4 and |
| 2x6 surrounds copper drip edge) | |
| *Roofing | 5000 (3 dimensional composition shingle) |
| *Skylights | 6000 (Velux operational and stationary) |
| *Lighting Fixtures | 10000 (cans, sconces, trim, etc.) |
| Landscaping | 15000 (concrete driveway, concrete entry/block |
| wall faced with stone, 4 concrete patios faced with stone --- one with steps, flagstone path, rock retaining walls, drainage system, sprinkler system, fireplace and second story faced with stone vaneer) | |
| *Fire Sprinkler | 6000 materials and labor |
| *Front Door/Interior Doors/Hardware | 8000 (23 at 200 simpson mdf, 1700 front |
| simpson wood, 23 at 70 emtek) | |
| *Wood Flooring | 7000 (7sf 3/4" brazilian cherry or pecan) |
| *Carpet | 5000 materials and labor |
| *Paint | 2000 (interior, garage, exterior as needed --- per |
| Mark's design specifications) | |
| *Closet Organizers | 2000 (6 closets) |
| *Furnace/Ducting | 10000 (materials and labor) |
| *Plumbing Fixtures | 5000 (10 at 500 brushed nickel finish) |
| *Toilet | 2000 (Kohler) |
| *Sinks | 2000 (2 elkay and 5 kohler, 1 laundry room |
| *Granite Tops | 8000 (kitchen and three bathrooms tops and |

EXHIBIT F

backsplash, approximately 80 sf at $100)

| | |
|---|---|
| *Tubs | 2000 (1 kohler tea for two jet 72"/1 kholer 60") |
| *Tile | 5600 (kitchen backsplash, 3 1/2 bathroom floors, |

laundry floor, 3 showers to ceiling, some diagano, approximately 700 sf at 8/sf)

| | |
|---|---|
| *Shower/Bath Doors | 4000 (3 with 3/8" glass --- 2 for shower doors/1 |

for tub sliding doors)

| | |
|---|---|
| *Garage Doors | 10000 (materials and labor --- 2 wood carriage |

house style doors roll up with openers)

| | |
|---|---|
| *Copper Gutters/Valleys | 10000 (materials and labor --- approximately 250 |

lineal feet of gutter, 100 lineal feet of downspout and valleys as needed)

| | |
|---|---|
| Net Materials | 170600 |
| Prepaid Materials | 68320 |
| Total | 238920 |

Uli agrees to continue the remodel of 30 Prospect AVE San Anselmo CA as a revised permit was obtained on 11-13-06 and issued on 11-15-06. Uli agrees to the following landmark schedule:
1. Obtain a signed off foundation inspection by 12-15-06;
2. Obtain a signed off framing inspection by 3-1-07;
3. Obtain a signed off final inspection by 5-1-07.

Mark agrees to pay for the Prepaid Materials and make available in a timely manner and to pay Uli the set Net Budget of $306,680 in a timely manner as needed.
A $100,000 reserve will be held for all items marked * and will be released upon purchase of such item.
Mark has final decision on all design and interior design features. If Uli makes any changes to the existing or revised plans, Mark must approve and all purchased Anderson doors and windows must be used in any new plans and any associated cost of new plans at Uli's expense.        Uli has final decision on all construction of the property.
Mark and Uli agree to use their best efforts and act in good faith in honoring the intention of this agreement which is to have the property in a marketable condition per the quality specifications above by 5-1-07.
As of April 1, 2006, Mark owed Uli $125,000 and has paid that debt down $42,000 leaving a balance of $83,000.
If any of the above landmark schedule items are not met by the specified dates, then Uli agrees to deduct $2,500 per week from the $83,000 until the landmark item is completed.
If Mark incurs any costs beyond the Net Budget for items on this list, the Uli agrees to deduct such total amount from the $83,000 and be personally responsible.    Uli shall have a one week grace period for each landmark event if the delay is due to an unreasonable city inspector.
Mark is square with Uli and Jake at this point.
Uli acknowledges that timing is of the essence per the attached Prospect Financial Analysis.

_____    _____    12-5-06
Uli Zangpo            Date                Mark Morrison        Date

PAGE 2            12-5-06

## PROSPECT FINANCIAL ANALYSIS
## 30 Prospect Avenue San Anselmo CA

### LOAN TO VALUE ANALYSIS
#### 30 Prospect Avenue San Anselmo CA
Comparative Market Analysis*

**Debt**

| | | LTV | Monthly Carrying Costs |
|---|---|---|---|
| | 1,800,000 | | 1111 taxes |
| 1st $543,000 Union 30 year fixed at 5.5% | 543,000 | 30% | $4,000.00 |
| 2nd $415,000 Citi variable 1/8 below prime | 415,000 | 23% | $3,000.00 |
| 3rd $250,000 at 12% | 250,000 | 14% | $2,500.00 |
| Total Debt | 1,208,000 | 67% | $10,611.00 |

### NET PROFIT ANALYSIS

| | | | | Most Likely | | |
|---|---|---|---|---|---|---|
| | 1,950,000 | 1,900,000 | 1,850,000 | 1,800,000 | 1,750,000 | 1,700,000 |
| Selling Price | | | | | | |
| Less: 2.5% selling commission | -48,750 | -47,500 | -46,250 | -45,000 | -43,750 | -42,500 |
| Less: $9k misc. other | -9,000 | -9,000 | -9,000 | -9,000 | -9,000 | -9,000 |
| Net selling price | 1,892,250 | 1,843,500 | 1,794,750 | 1,746,000 | 1,697,250 | 1,648,500 |
| Basis based upon close 8-1-07 (estimate) | 1,715,000 | 1,715,000 | 1,715,000 | 1,715,000 | 1,715,000 | 1,715,000 |
| Net After Debt Repayment | 177,250 | 128,500 | 79,750 | 31,000 | -17,750 | -66,500 |
| 2% Bonus to be shared in proportion to | 3,545 | 2,570 | 1,595 | 620 | -355 | -1,330 |
| % of trust deed eg 50k/250k = 20% of 2% | 709 | 514 | 319 | 124 | -71 | -266 |

### *COMPARATIVE MARKET ANALYSIS

| | Sold Price | Date Sold | BR/BA | Home SF | Lot SF | HomeSF/$ |
|---|---|---|---|---|---|---|
| 111 Barber AVE, San Anselmo | 1,653,000 | 5/10/2006 | 4/2 | 2250 | 7700 | 734.67 |
| 15 El Camino Bueno, Ross | 2,137,000 | 4/28/2006 | 3/2.5 | 2256 | 6300 | 947.25 |
| 80 Wellington AVE, Ross | 1,750,000 | 5/31/2006 | 4/2 | 2693 | 5685 | 649.83 |
| | 5,540,000 | | | 7199 | 19685 | 2,331.75 |
| Averages | 1,846,667 | | | 2,400 | 6,562 | 777 |

CMA Applied to Subject Property
30 Prospect AVE, San Anselmo
Based on Market Conditions as of 7-06

| | Estimated Sales Price | | BR/BA | Home SF | Lot SF | HomeSF/$ |
|---|---|---|---|---|---|---|
| | 1,800,000 | | 4/3.5 | 2300 | 9278 | 782.61 |
| | 1,850,000 | | Approximate | Tax Records | | 804.35 |
| | 1,900,000 | | | | | 826.09 |
| | 1,950,000 | | | | | 847.83 |

| Year Built | Dist(miles) | Description |
|---|---|---|
| 1936 | 0.06 | Sold for Lot Value |
| 1925 | 0.31 | New Remodel/View |
| 1927 | 0.29 | Old Remodel |
| 1955 | 0 | New Remodel, Larger Level Lot, Walking Distance to Town |

From: Mark Morrison <marktree@sbcglobal.net>
Subject: **Marin Housing Trends**
Date: December 27, 2006 10:53:01 AM PST
To: Uli & Jenny Zangpo (palixent@comcast.net)
1 Attachment, 13.3 KB

If you look at the chart below you will see a perfect C curve with a top in August --- Marin county is down 2.8% for the year but we are at the seasonal bottom so we have a chance of rates going up from here with a top in august --- san anselmo avg days on market is 42 days --- we need to stay on track with our schedule and have this property finished and listed by end of april --- if the rates hold to around 6% and property values hold we can get out of this fiscally alive --- we have 0 tolerance for error at this point...





**Mark Morrison**
THE MORRISON LAW FIRM
mark@markmorrisonlaw.com

524 San Anselmo Avenue, No. 224
San Anselmo, CA 94960
T 415.460.1056
F 415.366.1415

"I went to the woods because I wished to live deliberately, to front only the essential facts of life, and see if I could not learn what it had to teach, and not, when I came to die, discover that I had not lived." Henry David Thoreau, from *Walden*

CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at mark@markmorrisonlaw.com or by telephone at 415-460-1056 or 415-686-2763. Thank you.

EXHIBIT G

From: Mark Morrison <marktree@sbcglobal.net>
Subject: **Prospect Update**
Date: January 9, 2007 5:49:39 AM PST
To: Uli & Jenny Zangpo (palixent@comcast.net)

This is my second night of no sleep as I am concerned when I look at where we are:

We have had a permit for almost 60 days and have acheived footings, trimming of trees, gathering of logs and a partial shop and my carrying costs of this are $22k --- You have stated to me the following: The foundation will be done within a week and then you agreed to have it done by December 15; The framing will be substantially done by January; The shop will be done in one day. It is January 9 and neither foundation nor shop are done and framing has not begun.

I thought once we had a contract you would be motivated to make progress. I thought If I continued to give you money you would be motivated to make progress. I have paid for 90% of the job and not even 10% of the job is complete. I am waking up in the middle of the night because I do not have any budgeted money to finish the job and you have no money to finish the job --- I was under the impression you were going to have $500k from Washington and this afternoon I discovered this is not the case. I have maxed out my borrowing capacity on the house. Skip is a good friend and would come build the house in exchange for a promise for pay later so long as I could meet his basic expenses and if you insist on hiring the G Family perhaps they would work for part cash and part promissory note.

And although at the pace we are moving we are months away from a finished product, my instinct tells me we are moving in the wrong direction with respect to design relative to the needs of the market.

I have hit another limit and we need to take some action as words and promises mean nothing to me at this point. If I were in charge of the job, I would have had the foundation finished within 2 weeks of receiving a permit and had 70% of the framing done by now and the nice weather days are more likely than not going to end leaving us with the increased costs of human effort, money and time of building in cold rainy weather.

I am working steadily to meet our financial needs and do not have time to stay on the job --- I am challenged to do both but what I am doing now is not working as I feel the ship is slowly sinking. The real estate market has gone up unrealistically over the last 10 years and 2006 finished down 2% in Marin which is the beginning of the end. There are those who believe that 2006 was the correction and all is normal with growth ahead --- these are real estate brokers and the confused. We are at the beginning of the end and will probably have one more decent season before the market makes its serious descent and that will happen after the spring of 2007. I need to make a decision as money and time are running out --- we have one shot at selling this house and it is April --- beyond that the market is too uncertain.

I have the following choices: 1. Sale the property for lot value and take a loss of about 500k; 2. We take steps to insure the property will be finished by April heeding your advice regarding the carrying costs of $11k/month vs the cost of the G Family and perhaps hire somebody like the G Family or Skip to finish the job and you and I reconcile our financial issues after the fact; or 3. We stop the bullshit and build this house --- I cannot take any more well intentioned false promises as I am finished and I need to see progress meaning a foundation by the end of this week and framing by next week --- I am done with the sleepless nights and the only cure is action.

Please call first thing in the morning so we can discuss our choices.

**Mark Morrison**
THE MORRISON LAW FIRM
mark@markmorrisonlaw.com

524 San Anselmo Avenue, No. 224
San Anselmo, CA 94960
T 415.460.1056
F 415.366.1415

"I went to the woods because I wished to live deliberately, to front only the essential facts of life, and see if I could not learn what it had to teach, and not, when I came to die, discover that I had not lived." Henry David Thoreau, from *Walden*

CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at mark@markmorrisonlaw.com or by telephone at 415-460-1056 or 415-686-2763. Thank you.

From: Mark Morrison <marktree@sbcglobal.net>
Subject: **Prospect Update 10-19-07**
Date: January 19, 2007 11:44:14 AM PST
To: Uli & Jenny Zangpo (palixent@comcast.net)

As I have communicated to you many times building a house is a function of TMQ = Time Money Quality

What we are building is a speculation house for profit and we want to find a balance bw TM and Q --- At this point as you will see we are severely out of balance as we are heavy in TM and have no Q bc we don't even have a founation.

T = Time --- As you can see you are 35 days past due on the foundation inspection and framing inspection is due in 41 days which gives you 5 weeks to frame a house that does not even have a foundation. You have about 3 months to finish what I believe is a 6month job so I would focus on this job exclusively and begin to either use your time more efficiently or consider hiring more skilled labor.

M = Money --- You have 66k so I am going to LIMIT the amount of money from this point because I am at a point financially where I can survive for another 6 months bw the 66k I am obligated to you on the contract, carrying costs on the mortgages and personal costs of living. You need to understand that you have probably 150k in fixed materials cost so you need to make arrangements for obtaining that money.

Marin Housing Market --- Just dropped 5% from Dec 05 to Dec 06 so we are in a declining real estate market and it is essential that this house be on the market by the end of May as you promised as this gives us the highest probability of a higher sale. Every day that the house is not on the market after April will costs me not only carrying costs of $11,000 per month, but decrease in value which could be as high as $1,000 per day in lost value.

I MUST EMPHASIZE AS I HAVE BEEN HOW IMPORTANT IT IS TO FINISH THIS HOUSE AND HAVE IT ON THE MARKET BY MAY 2007.

If you are now thinking to yourself, "I am doing all that I can and there is only one of me," then you need to do as I say and hire more skilled labor bc we need somebody and preferably 2-3 people putting energy into that house everyday from this point on 7 days a week.

### Timeline for 30 Prospect

| Responsible | Event | Date | Day | Days Remaining | Days Late | Complete |
|---|---|---|---|---|---|---|
| **ULI ZANGPO** | | | | | | |
| | | 15-Oct-06 | 1 | | | |
| | | | 1 | | | |
| | Foundation Inspection Due | 15-Dec-06 | 61 | | | NO |
| | Foundation Inspection Days LATE | 19-Jan-07 | 96 | | | 35 |
| | Framing Inspection Due | 01-Mar-07 | 137 | | 41 | |
| | Framing Inspection Days LATE | 15-Oct-06 | 0 | | | -137 |
| | Final Inspection Due | 01-May-07 | 198 | | 102 | |
| | Final Inspection LATE | 15-Oct-06 | 0 | | | -198 |

| | |
|---|---|
| Budget | 475000 |
| Mark | 110000 |
| Prepaid | 68000 |
| Uli | 230341 |
| Remaining | 66659 |

**Mark Morrison**
THE MORRISON LAW FIRM
mark@markmorrisonlaw.com

524 San Anselmo Avenue, No. 224
San Anselmo, CA 94960
T 415.460.1056
F 415.366.1415

"I went to the woods because I wished to live deliberately, to front only the essential facts of life, and see if I could not learn what it had to teach, and not, when I came to die, discover that I had not lived." Henry David Thoreau, from *Walden*

CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are confidential and privileged, pursuant to the American Bar Association Formal Opinion No. 99-413, dated March 10, 1999. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or be a waiver of any applicable privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at mark@markmorrisonlaw.com or by telephone at 415-460-1056 or 415-686-2763. Thank you.

The Note is held jointly by Jim Sciaroni (Sciaroni) and Mark Morrison (Morrison) with a face amount of $475,000, which was funded upon execution of the note on December 15, 2006. Paragraph 5 increases the loan amount by $250,000 by June 30, 2006 for a total loan amount of $725,000. Sciaroni paid his $125,000 by June 30, 2006. Zangpo and Morrison had a verbal agreement that Morrison would pay his $125,000 upon the sale of 30 Prospect, San Anselmo (Prospect) and interest on any amounts due until then. Morrison paid both interest payments and principal payments to Zangpo as follows:

1-18-06 $625 interest
2-14-06 $625 interest
3-30-06 $625 interest
4-18-06 $625 interest
4-25-06 $10,000 principal leaving $115,000 balance
5-02-06 $7,000 principal leaving $108,000 balance
6-13-06 $25,000 principal leaving $83,000 balance
6-30-06 $415 interest

Morrison and Zangpo agreed to defer interest until after Prospect sold.

EXHIBIT H

# NOTE SECURED BY A DEED OF TRUST

Loan Number:                    Date:  **December 15, 2005**                    **San Geronimo**, California

**APN 169-331-015**
**San Geronimo, CA**
Property Address

## 1.   BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$475,000.00** (this amount will be called "principal"), plus interest, to the order of **James C. Sciaroni, an unmarried man as to an undivided 237.5/475 interest and Mark Morrison, a married man as his sole and separate property as to an undivided 237.5/475,**  (who will be called "Lender"). I understand that the Lender may transfer this Note. The Lender or anyone else who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder(s)."

## 2.   INTEREST

I will pay interest at a yearly rate as described in paragraph 3 below.
Interest commences on **December 15, 2005**, and, if paragraph 3 reflects more than one interest rate during the loan term, the rate will change on the date which is one (1) calendar month before each Payment Start Date.
Interest will be charged on unpaid principal until the full amount of principal has been paid.

I also agree to pay interest at the rate described in paragraph 3 below on the prepaid finance charges which are a part of the principal.

## 3.   PAYMENTS

My payments are    [] Interest Only     [ ] Fully Amortized     [ **x**] Other
I will make my payments each month as follows:

| Number of Payments | Payment Start Dates | Interest Rates | Payment Amounts |
|---|---|---|---|
| 1 | Starting December 15, 2006 | 6.000% | $503,500.00 |
|  |  |  |  |

I will make these payments until I have paid all of the principal and interest and any other charges that I may owe under this Note.  If on **December 15, 2006** (the Due Date) I still owe amounts under this Note (balloon balance), I will pay all those amounts, in full, on that date, subject to the extension that may be granted in accordance with paragraph 6.
I will make my payments payable to **Mark Morrison, 524 San Anselmo AVE, No. 224, San Anselmo, CA 94960**, or at a different place if I am notified by the Note Holder or the Agent for the Note Holder.

## 4.   BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge For Overdue Payments.**  If I do not pay the full amount of each monthly payment by the end of five calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **10.00%** of my overdue payment or U.S. $5.00, which ever is more. I will pay this late charge only once on any late payment.
In the event a balloon payment is delinquent more than 10 days after the date it is due, I agree to pay a late charge in an amount equal to the maximum late charge that could have been assessed with respect to the largest single monthly installment previously due, other than the balloon payment, multiplied by the sum of one plus the number of months occurring since the late payment charge began to accrue.
**(B) Default.**  If I do not pay the full amount of each monthly payment due under this Note by the date stated in paragraph 3 above, I will be in default, and the Note Holder may demand that I pay immediately all amounts that I owe under this Note. Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.
**(C) Payment of Note Holder's Costs and Expenses.**  If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all its costs and expenses to the extent not prohibited by

applicable law. Those expenses include, for example, reasonable attorney's fees. A default upon any interest of any Note Holder shall be a default upon all interests.

**(D) Payment with good funds**. If any check used to make any payment is returned unpaid by my bank, I agree to pay a Returned Check charge of $35.00 plus any late charge that may become due because of the returned check. I further agree that if any payment is made by a personal check that is not honored by my bank, at the option of the Note Holder, to make all future payments by Cashier's Check, Money Order or other certified funds.

**(E) Advancing Fee.** For any advance made to senior encumbrances, property taxes, insurance premiums, and/or other obligations to protect the Lender's interest in this Note, there will be an Advancing fee of $50.00 for each such advance. Advances will bear interest at the same rate that is charged on the principal of this Note from the date of advancement to such date when that certain advance and advance fee is paid in full in the form of a Cashier's Check, Money Order, or other certified funds.

## 5. FUNDING

The loan amount of $475,000 will be funded upon execution of this Note, Deed of Trust and Agreement of Understanding. If Borrower is not in default under the terms of this Note, the Deed of Trust securing this Note, or any other agreements between Lender and Borrower, then the Lender will do the following: Increase the loan amount by $24,500 on or before January 31, 2006; Increase the loan amount by $100,000 on or before February 28, 2006; Increase the loan amount by $124,500 on or before June 30, 2006 with the same terms upon written request of Borrower bringing the total loan amount to $725,000.

## 6. BEFORE THEY ARE DUE - PREPAYMENT PENALTIES

This Note may be prepaid in full or in part at any time prior to Maturity Date without penalty.

## 7. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (a) to demand payment of amounts due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 8. RESPONSIBILITIES OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to keep all of the promises made in this Note , including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of the guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that anyone of us may be required to pay all of the amounts owed under this Note.

## 9. THIS NOTE IS SECURED BY A DEED OF TRUST

In addition to the protection given to the Note Holder under this Note, a Deed of Trust (the "Security Instrument") with a Due-on-Transfer Clause dated the same date of this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in the Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Some of those conditions are described as follows:

"Lender's Right to Require The Loan to be Paid Off Immediately. If the borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver of the Lender's right to accelerate shall be effective unless it is in writing."

| Borrower | **Jennifer H. Baker** | Date | | Borrower | **Uli Zangpo** | Date |

Applied Business Software, Inc.  (800) 833-3343

[1001/Bjorgan]
Note Secured by Deed of Trust     Page 3 of 3

From: Uli Zangpo <palixent@comcast.net>
Subject: **The breach**
Date: March 21, 2007 8:06:59 AM PDT
To: Mark Morrison

"Framing on site" had commenced, with a full crew on Mon. the 19th, despite Greg not showing up.

The absence of concise communication from you, in the light of what Steve & Jim convey to me from your meeting at Steven's house, can be inferred to be the end of any appropriateness of my doing anything further for the Prospect project.

Karma to You...

EXHIBIT I

Department of Public Works & Planning
525 San Anselmo Ave., San Anselmo, CA 94960
(415) 258-4616    Fax (415) 454-4683

THE TOWN OF
SAN ANSELMO

Permit No. _52772_
Date Issued _4/1/07_
Date Submtd _5/29/07_
Resubmtd _____

# BUILDING PERMIT

Provide all the information above the double line and on the back of this form.

☑ Residential
☐ Commercial

PROPERTY ADDRESS _30 PROSPECT AVE_     Parcel # _006-192-17_

Applicant _MARK MORRISON_    Phone No. _415-686-2763_    Fax No. _415-368-1415_
Address _524 SAN ANSELMO AVE #22_    City _SAN ANSELMO_    Zip Code _94960_
Owner _"_    Phone No. _415-492-5981_    Fax No. _"_
Address _____    City _"_    Zip Code _"_
☐ Architect ☑ Engineer ☐ Designer _GUY PIZZANELLO_    Phone No. _949-492-5981_    Fax No. _949-498-3020_
Address _1046 J CALLE RECODO_    City _SAN CLEMENTE CA_    Zip Code _92673_
Contractor _OWNER_    Phone No. _"_    Fax No. _"_
Address _"_    City _"_    Zip Code _"_

DESCRIPTION OF WORK (be specific) _REVISION    TO    ORIGINAL    PERMIT_
_A-2 SHOWS ALL WALLS DEMOLISHED - ARCHITECT FAILED TO REFLECT IN ORIG._
_S-2 SHOWS NEW ROOF STRUCTURE - ENGINEER STARTED 4 EXISTING 4 IN ORIG._
_THIS WAS PLANNED IN ORIGINAL PLANS BUT_    This is a revision to Permit # _48987_
_ARCH + ENG. FAILED TO DRAW THEM ON REVISIONS.    PLUS CARPORT INFRONT_
ESTIMATED VALUE OF WORK: $ ___-O-___    (Including all labor and materials) _PLUS KORBELS_

Applicant understands that this permit expires and becomes null and void should work not be commenced within 180 days from date of
issue, or should construction be suspended or abandoned for a period of 180 days. Applicant certifies that the information provided herein
is correct to the best of their knowledge and agrees to comply with all Town, county, and state laws relating to building construction, and
hereby authorizes representatives of the Town to enter upon the project property for inspection purposes.

APPLICANT'S SIGNATURE: _____    DATE: _5-29-07_    Drawings attached:
( ✓ ) Yes ( ) No

DO NOT WRITE BELOW THIS LINE - FOR OFFICE USE ONLY

| Fees: value = 3 | Budget Account | At Submit | At Issue |
|---|---|---|---|
| Plan Check | 01.53.320 | | 105.00 |
| Energy Fee | 01.53.320 | | |
| Building Permit | 01.53.325 | | |
| Plumbing Permit | 01.53.330 | | |
| Electrical Permit | 01.53.335 | | |
| Mechanical Permit | 01.53.340 | | |
| Pool, Spa, Hot Tub | 01.53.350 | | |
| Gross Receipts Tax | 01.52.203 | | |
| State Seismic Fee | 01.24.03 | | |
| Plan Storage Fee | 01.24.02 | | |
| Road Bond | 01.24.25 | | |
| Road Impact Fee | 19.57.709 | | |
| Planning Fee | 01.57.705 | | 51.00 |
| Total Fees Due: $ | | $ | 156.00 |

Work must be done in accordance with the 2001 editions of the
California Building Code, California Plumbing Code, California
Mechanical Code, 2004 California Electrical Code & 2005 Energy
Code. Additional requirements and/or comments are as follows:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Notes: BLDG P/C = 1 HR 6/5/07 K_
_PLANNING 1/2 HR 6/5_

EXHIBIT J

Approved by: _____    Date: ___

No Address / description of

# TOWN OF SAN ANSELMO - Department of Public Works, 525 San Anselmo Ave., San Anselmo, CA 94960

**INSPECTION RECORD**

OFFICE COPY

Jobsite Address: 30 Prospect Ave

Description of Work: Rev to orig Permit: A-2 demolished walls - S2 new roof Structure. - Revisions to 48957

Date Issued:

| Building Permit # | Electrical Permit # | Mechanical Permit # | Plumbing Permit # | Pool/Spa/Hot Tub Permit # |
|---|---|---|---|---|
| 52772 | 52772 | 52772 | 52772 | |

| INSPECTION | DATE COMPL. | INSPECTOR | INSPECTOR'S NOTES (COMMENTS OR PARTIAL INSPECTIONS) |
|---|---|---|---|
| **BUILDING** | | | |
| Temporary power panel | | | |
| Footing | 7/9/07 | EA | Front porch foundation |
| Slab | | | ( ) rebar ( ) embeds |
| Underfloor framing | | | |
| ( ) underground ( ) underfloor plumbing | | | |
| ( ) underground ( ) underfloor mechanical | | | |
| ( ) underground ( ) underfloor electrical | | | |
| Shear walls | 6/14/07 | EA | pk 2 Great Room |
| Roof (in-progress) | 6/14/07 | EA | ( ) interior (✗) exterior |
| Rough framing (walls / ceiling / roof) | 6/28/07 | EA | ( ) sheathing ( ) nailing |
| Rough plumbing | 6/28/07 | ns | fa.led close in see date ct list 6/28/07 EA |
| Rough mechanical | 6/28/07 | ns | ( ) water ( ) gas test ( ) waste |
| Rough electrical | 6/28/07 | ns | |
| Sprinkler hydrotest | | | |
| Insulation | | | ( ) walls ( ) roof ( ) floor |
| Wallboard | | | |
| Fireplace | 7/10/07 | EA | ( ) combustion air |
| Exterior walls | | | ( ) vapor barrier / lath ( ) scratch coat |
| **SWIMMING POOL / SPA / HOT TUB** | | | |
| Pre-gunite | | | ( ) Barriers: fence / gates / cover / alarms |
| Rough plumbing & gas | | | ( ) plumbing ( ) gas |
| Rough electrical | | | ( ) steel bonding |
| **OTHER:** ( ) Shower Pan | 4/3/07 | EA | |
| | | | Fin.l fa.led 7/6/07 EA See defect list |
| **FINAL INSPECTION (must be completed prior to occupancy)** | | | |
| Planning Dept. | | | ( ) required before final Bldg. inspection |
| Fire Dept. | | | (✗) required before final Bldg. inspection |
| Sanitary District #1 release | | | ( ) required before final Bldg. inspection |
| Struct. Observation/Special Inspection Documents | | | ( ) Arch/Engr ( ) Geotech ( ) other: |
| Meter authorization 8/1/07 (EA) electric | | | |
| Bldg. Dept. | Final 11/10/0 9 | EA | (✓) smoke detectors (✗) address numbers |

Latest revision 1/2/07

℮ JS 44   (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Mark Morrison

## DEFENDANTS
Uli Zangpo

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
See Attachment

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                        and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS —Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities — | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities — | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus — | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 another district
(specify)

Transferred from

☐ 6 Multidistrict
Litigation

Appeal to District

☐ 7 Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC §1332

Brief description of cause:
CA Bus&Prof §7031(b); Breach of Contract; Breach of the Cov of Good Faith and Fair Dealing; Commont Counts

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ $704,804

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND     ☐ SAN JOSE

DATE
4-9-08

SIGNATURE OF ATTORNEY OF RECORD

## Attachment

*Lead Counsel*
Matthew Kurilich, Bar Number 30712
17321 Irvine Boulevard, Suite 115
Tustin CA 92780
Tel (714) 231-9607
Fax (714) 734-3716
mattkurilich@yahoo.com

*Co-Counsel*
Mark Morrison, Bar Number 152561
220 Second ST, No. 30
Langley, WA 98260
Tel 360-221-0253
Fax 360-851-2010
mark@markmorrisonlaw.com