**LAW OFFICES OF NEIL JON BLOOMFIELD**
Neil Jon Bloomfield, Esq. (State Bar No. 52235)
901 E Street, Suite 100
San Rafael, CA 94901
Telephone: 415-454-2294
Facsimile: 415-457-5348
njbloomfield@njblaw.com

Attorneys for Defendant
ULI ZANGPO

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MORRISON.<br>　　　Plaintiff,<br><br>　　　vs.<br><br>ULI ZANGPO,<br>　　　Defendant.<br>_____ | No. CV 08 1945 EMC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  September 10, 2008<br>Time:  10:30 a.m.<br>Place:  Courtroom C, 15th Floor |

**Notice of Motion**

TO PLAINTIFF MARK MORRISON AND TO HIS ATTORNEYS OF RECORD:

　　Please take notice that Defendant Uli Zangpo will make this motion to dismiss for lack of jurisdiction before this court on September 10, 2008 at 10:30 a.m., or as soon thereafter as the matter can be heard, in Courtroom C of the United States Courthouse located at 450 Golden Gate Avenue, 15th Floor, San Francisco, California.

**Relief Sought**

　　Defendant, Uli Zangpo, moves the court for an order dismissing the Complaint.

**Memorandum of Points and Authorities**

Defendant seeks to have this proceeding dismissed for lack of subject matter jurisdiction. Plaintiff has not alleged a Federal Question, and alleges that this court has jurisdiction based on diversity. But Plaintiff and Defendant are both citizens of California, and therefore there is no diversity between them. For diversity jurisdiction to exist in federal court [where a foreign state is not involved], an action must be between "citizens of different states." (28 U.S.C. § 1332(a)(1)). "[T]he party asserting diversity jurisdiction bears the burden of proof [Citation][.]" (*Kantner v. Warner-Lambert* (9th Cir. Cal. 2001) 265 F. 3d 853, 857-858.)

Here, although Plaintiff alleges that he is a citizen of the State of Washington (Complaint, paragraph 1), the facts show that he continues to be a citizen of the State of California, and thus there is no diversity between Plaintiff and Defendant.

Plaintiff shows a Washington State address for himself on the caption of the Complaint. But this does not indicate or determine that he is a citizen of Washington State.. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state " [Citation.] (*Kantner v. Warner-Lambert*, *supra*, 265 F. 3d. 853, at 857.)

Plaintiff is an attorney. He is a member of the California Bar (California State Bar Number 152561), but not of the Washington State Bar. (Declaration of Neil Jon Bloomfield, filed herewith). He holds a current license as a California Real Estate Broker (California Department of Real Estate number 01168751). The Washington State Department of Licensing shows no record of any license issued to Plaintiff.[1] (Declaration of Neil Jon Bloomfield). There is also no record that Plaintiff owns any real property in the State of Washington. (*Id*.)

Exhibits A, C, E, and G, and J to the Complaint shows Plaintiff's address to be 524 San Anselmo Avenue, #224, San Anselmo, California. Research shows that Plaintiff has had an address in California since 1986 (Declaration of Neil Jon Bloomfield).

---

[1] There is a record of a Washington State Real Estate Salesperson's license having been issued to a Mark C. Morrison, but Plaintiff is shown on the State Bar of California's website as Mark Alan Morrison.

1    The only evidence available to Defendant that supports Plaintiff's allegation that he is a citizen of the State of Washington is Plaintiff's assertion in his Complaint. But "[t]he courts . . . have stated that domicile is evaluated in terms of 'objective facts' and that 'statements of intent are entitled to little weight when in conflict with facts." (*Lew v. Stanton*, (9th Cir. Cal. 1986) 797 F. 2d. 747, 750.)

The facts show that Plaintiff has a long-standing connection to California. There should be no question that he was a citizen of California when he entered into the contracts with Defendant that form the basis of the Complaint. There should be no question that he remained a citizen of California when the property at 30 Prospect sold on January 3, 2008. Although Plaintiff may have a Washington State address, there is no evidence that he established himself as a Washington State citizen as of April 11, 2008, the date the Complaint was filed.

Since all available evidence shows that both Plaintiff and Defendant were citizens of California when the Complaint was filed, there is no diversity of citizenship, this Court lacks jurisdiction over the action, and the proceeding should be dismissed.

Dated: June 11, 2008                    /s/
                                        _____
                                        Neil Jon Bloomfield
                                        Attorney for Defendant Uli Zangpo

MOTION TO DISMISS FOR LACK OF JURISDICTION