**LAW OFFICES OF NEIL JON BLOOMFIELD**
Neil Jon Bloomfield, Esq. (State Bar No. 52235)
901 E Street, Suite 100
San Rafael, CA 94901
Telephone: 415-454-2294
Facsimile: 415-457-5348

Attorneys for Defendant
ULI ZANGPO

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MORRISON.<br>    Plaintiff,<br><br>vs.<br><br>ULI ZANGPO,<br>    Defendant. | No. CV 08 1945 EMC<br><br>**NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS AND DISCOVERY PENDING MANDATORY BINDING ARBITRATION**<br><br>Date:  September 10, 2008<br>Time:  10:30 a.m.<br>Place:  Courtroom C, 15th Floor |

**Notice of Motion**

TO PLAINTIFF MARK MORRISON AND TO HIS ATTORNEYS OF RECORD:

   Please take notice that Defendant Uli Zangpo will make this motion to to stay these proceedings and all related discovery before this court on September 10, 2008 at 10:30 a.m., or as soon thereafter as the matter can be heard, in Courtroom C of the United States Courthouse located at 450 Golden Gate Avenue, 15th Floor, San Francisco, California. This motion should trail Defendant's motion to dismiss for lack of jurisdiction which has been set for the same date and time, and should only be heard if Defendant's motion to dismiss for lack of jurisdiction is denied.

**Relief Sought**

Defendant, Uli Zangpo, moves the court for an order staying these proceedings pending arbitration because the contract between the party requires mandatory binding arbitration. Defendant further moves the court for a stay of discovery, as the arbitration provisions in the contract between the parties provides that the parties will not be permitted any written discovery or depositions of any kind.

**Memorandum of Points and Authorities**

Plaintiff attached a "contract" to his Complaint as Exhibit B, and a revised "contract" as Exhibit F. But this "contract" does not fully reflect the written agreement between the parties. This "contract" is actually an addendum to an earlier contract between the parties, which was titled "Agreement of Understanding—Manzanita" and was made effective as of December 13, 2005. (This document is referred to hereinafter as the "Manzanita Agreement.") A copy of this contract is attached as Exhibit A to the Declaration of Neil Jon Bloomfield filed herewith. Significantly, paragraph 27 of this contract is labeled "Dispute Resolution." This paragraph provides that "Each party waives the right to trial by jury in any action or proceeding between each of the Parties, on one side, and the other Parties on the other, **based upon, arising out of, or in any way relating to this Agreement**." (Emphasis added). This paragraph further provides for binding arbitration to be held in Marin County, California. Paragraph 27(c) provides that "The parties will not be permitted any written discovery or depositions of any kind[.]"

Further evidence that the various contracts are part of the same agreement can be found in Exhibit H to the Complaint, which contains a Note Secured by a Deed of Trust. This Note refers to APN (assessor's parcel number) 169-331-015, which is shown as 169-331-15 in the Manzanita Agreement.

This motion is controlled by the Federal Arbitration Act (FAA), 9 U.S.C. § 1, et. seq. Purusant to the Act, the Court has no discretion in the matter, but must order the parties to arbitrate their dispute:

> . . . By its terms, the Act "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." [Citation.] The Court's role under the Act is therefore limited to determining (1) whether a valid agreement to arbitrate exists, and, if it does, (2) whether the agreement encompasses the dispute at issue. [Citations.] If the response is affirmative on both counts, then the Act requires the Court to enforce the arbitration agreement.in accordance with its terms.

(*Chiron Corp. v. Ortho Diagnostic Systems* (2000) 207 F. 3d 1126, 1130.)

Similarly, federal law favors the arbitration of disputes. The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability [footnote omitted]." (*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.* (1983) 460 U.S. 1, 24-25, 74 L. Ed. 765, 103 S. Ct. 927.)

Section 3 of the Federal Arbitration Act provides for a stay of the proceedings pending arbitration:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

(9 U.S.C. § 3.)

The parties contracted for binding arbitration. Pursuant to the contract, this Court's role is limited to ordering the parties to proceed to arbitration. The Court should order the parties to arbitration, and otherwise stay this proceeding until arbitration has been completed.

Dated: June 11, 2008

/s/
_____
Neil Jon Bloomfield
Attorney for Defendant Uli Zangpo