1    *Lead Counsel*
     Matthew Kurilich, Bar Number 30172
2    17321 Irvine Boulevard, Suite 115
     Tustin CA 92780
3    Tel (714) 734-3715
     Fax (714) 734-3716
4    mattkurilich@yahoo.com

5    *Co-Counsel*
     Mark Morrison, Bar Number 152561
6    220 Second ST, No. 30
     Langley, WA 98260
7    Tel 360-221-0253
     Fax 360-851-2010
8    mark@markmorrisonlaw.com

9

10                  **UNITED STATES DISTRICT COURT**

11                 **NORTHERN DISTRICT OF CALIFORNIA**

12

13   MARK MORRISON, an individual;          )   **Case No:  3:08-CV-1945-EMC**
                                            )
              Plaintiff,                     )   **PLAINTIFF'S OPPOSITION TO**
14                                           )   **DEFENDANT'S MOTION TO**
        vs.                                  )   **DISMISS FOR LACK OF**
15                                           )   **JURISDICTON; MEMORANDUM OF**
                                            )   **POINTS AND AUTHORITIES;**
     ULI ZANGPO, an individual;             )   **DECLARATION OF MARK**
16                                           )   **MORRISON; DECLARATION OF**
              Defendants.                    )   **MATTHEW KURILICH**
17                                           )
                                            )
18                                           )   Date:  September 10, 2008
                                            )   Time:  10:30 a.m.
19                                           )   Courtroom: C, 15th FLR
                                            )
20   _____

21

            Plaintiff, MARK MORRISON, hereby objects to defendant's motion to dismiss for lack
22
     of jurisdiction as follows:
23

24

25

                                            1

     PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### *Statement of Issues*

3

The essential issue presented in this case is whether plaintiff, upon moving to

4

Washington, intended to remain there indefinitely?

5

### *Statement of Facts*

6

Plaintiff filed a complaint on April 11, 2008 with an answer due on May 14, 2008.

7

Plaintiff's attorney, Matthew Kurilich (Kurilich), received a phone call from defendant's

8

counsel, Neil Bloomfield (Bloomfield), on May 12, 2008 asking for a 28-day extension to

9

answer the complaint on June 11, 2008 as Bloomfield stated he had yet to meet with his client

10

and he needed time to answer the detailed complaint. Declaration of Matthew Kurilich.

11

Kurilich granted the extension. *Id.* On June 9, 2008, Kurilich received a letter from defendant's

12

counsel, Bloomfield, requesting mediation and binding arbitration. *Id.* On June 10, 2008,

13

Kurilich called Bloomfield and had a brief conversation where Kurilich granted a second

14

extension to file an answer and further agreed that Kurilich would draft and deliver a proposed

15

stipulation for binding arbitration, which was completed and delivered via email on June 11,

16

2008 at 1:46 p.m. *Id.* Kurilich and Bloomfield did not discuss the motion to dismiss or the

17

motion to stay. *Id.* Had Bloomfield stated his intention to file either motion, we would have

18

given him the declaration of Mark Morrison regarding his intention to stay in Washington

19

indefinitely, and we had already agreed to binding arbitration making the second motion moot.

20

On June 11, 2008 at 5:22 p.m., Bloomfield filed a motion to dismiss for lack of

21

jurisdiction and at 5:45 p.m. he filed a motion to stay proceedings and discovery pending

22

mandatory arbitration.

23

### *Plaintiff is a Citizen of Washington*

24

"The district courts shall have original jurisdiction of all civil actions where the matter in

25

controversy exceeds the sum or value of $75,000, and is between:  citizens of different States."

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

1    28 U.S.C. §1332.  Diversity of citizenship requires that all parties to the action be "citizens" of

2    different states.  *Id.*  To establish citizenship for diversity purposes, a natural person must be both

3    (a) a citizen of the U.S. and (b) a domiciliary of one particular state.  *Kantor v. Wellesly*

4    *Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *Coury v. Prot*, 85 F.3d 244, 249-250 (5th

5    Cir. 1996).

6         For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.

7    Since the issue is one of federal jurisdiction, the question of where a person is domiciled is

8    determined by federal law.  *Kantor*, 704 F.2d at 1090.  As with other jurisdictional

9    determinations, the court looks to the parties' domicile at the time the lawsuit was filed.  *LeBlanc*

10   *v. Cleveland*, 248 F.3d 95, 100 (2nd Cir. 2001).  A person's domicile is the place he or she resides

11   with the intention to remain.  *Kanter v. Warner-Lambert Co.*, 265 F3d 853, 857 (9th Cir. 2001).

12   A person legally capable of selecting his or her own domicile does so by establishing (i) some

13   physical presence in a new location (ii) with intent to remain indefinitely.  *Lew v. Moss*, 797 F2d

14   747, 750 (9th Cir. 1986); REST.2D CONFLICTS, §18. *Gilbert v. David,* 235 US 561, 569 (1915);

15   *McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F.Supp.2d. 1279, 1281 (M.D. Ala. 1998).

16        If the requisite intent exists, a person acquires a new domicile immediately upon arriving

17   at the new location, *Walls v. Ahmed,* 832 F.Supp. 940, 941 (E.D. P.A. 1993); REST.2D

18   CONFLICTS, §16, and intent is gauged by various objective factors: e.g., length of residence,

19   employment, location of assets, voting registration, address shown on driver's license, payment

20   of state taxes, etc.  *Altimore v. Mt.Mercy College*, 420 F.3d 763, 768-769 (8th Cir. 2005); *Acridge*

21   *v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003).  The objective

22   facts show that Plaintiff has lived—and intended to remain indefinitely—in the State of

23   Washington since August 2007, i.e., approximately 8 months before the Complaint was filed.

24        Plaintiff moved from San Anselmo, California to Detroit, Oregon in August 2006, but

25   returned to Fairfax, California November 2006 to ensure the completion of the California

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

1   property construction that is at issue in this Complaint.[1]  Declaration of Mark Morrison.  After

2   that construction was essentially complete, Plaintiff moved his family to Langley, Washington in

3   August 2007 to begin the school year, where he is bound to a two-year lease agreement for a

4   single-family residence.  *Id.*

5        Plaintiff's wife and three young children moved with him and currently reside with him

6   in Washington.  *Id.*  The children have been enrolled at the Whidbey Island Waldorf School

7   since August 2007 and are signed up for the 2008-2009 school year.  *Id*. Plaintiff is a member of

8   the board of the Whidbey Island Waldorf School.  *Id*.  Plaintiff and his family have established

9   many active social relationships in Washington.  *Id*.  Plaintiff has a verbal understanding to

10   purchase real property as his primary residence in Washington, and is waiting on an application

11   for the abandonment of a county road easement to process before closing escrow.  *Id*.  Plaintiff

12   has established a relationship with a licensed Washington real estate broker and is actively

13   looking for investment real estate in Washington.  *Id*.

14        Plaintiff is a registered Washington voter and attended the local Island County caucus on

15   behalf of Barrack Obama.  *Id*.  Plaintiff has a Washington Driver's license.  *Id.* Plaintiff did not

16   attach a copy of his driver's license due to the fact that defendant, Uli Zangpo, made a death

17   threat against Plaintiff's life and does not want defendant to know where he lives.  *Id.*  Plaintiff

18   has a Washington doctor and dentist.  *Id*.  Plaintiff has a vehicle registered in California, Oregon

19   and Washington.[2]  *Id*.  Plaintiff opened new personal and business bank accounts in Washington

20   and has maintained a California business account primarily for cost effective online banking.  *Id*.

21   Plaintiff has various credit cards issued from various institutions located in various states with all

22   registered to Plaintiff's mailing address in Washington.  *Id*.  Plaintiff's primary mailing address

23

---

24      [1]    That California property was an investment property purchased through a 1031
  exchange.

25

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

1   is Washington. *Id*. Plaintiff has insurance agents in California, Oregon and Washington. *Id*.

2   Plaintiff does not have a stockbroker, but does have a small IRA with a California broker and a

3   brokerage account in Washington.   *Id*. Plaintiff has maintained a personal and business

4   relationship with his California accountant for approximately 11 years and continues to use the

5   same accountant. *Id*.

6        Plaintiff maintains a broad-based law practice, with cases currently filed in Indiana State

7   Court and United States District Court Northern District of Indiana (consumer class action),

8   United States District Court Central District of California (F.L.S.A. case) and recently settled a

9   case slated for trial in the United States District Court Middle District of Florida (A.D.A. case).

10  *Id*. Plaintiff's California Bar license mailing address is in Washington.   Plaintiff intends to sit

11  for the Washington Bar. *Id.* Plaintiff uses his Washington address for all current business

12  relations, but maintained a California mailbox service to accommodate his transition to

13  Washington from California. *Id*.  The service will soon expire. *Id*.

14       In short, Plaintiff moved his family and himself to Washington with the intention of

15  making Washington his primary residence indefinitely in August 2007.  The Complaint was filed

16  on April 11, 2008.  This Court has jurisdiction.

## CONCLUSION

18       The Court should deny the motion to dismiss for lack of diversity jurisdiction.

19

20

21

22

23

24

25       [2]    Plaintiff is in the process of transferring the California vehicle.  Plaintiff owns a
cabin in Oregon and has a truck registered in that state.  Plaintiff's primary vehicle is a Honda
Odyssey registered in Washington.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

1    Dated:  6-20-08                                    Respectfully submitted,

2                                                       MATT KURILICH ATTORNEY AT LAW

3

4                                                       By: /s/Matt Kurilich
                                                             Matt Kurilich,
5                                                            Attorney for Plaintiff

6
       *Co-Counsel*
7     Mark Morrison, Bar Number 152561
       220 Second ST, No. 30
8     Langley, WA 98260
       Tel 360-221-0253
9     Fax 360-851-2010
       mark@markmorrisonlaw.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION