*Lead Counsel*
Matthew Kurilich, Bar Number 30172
17321 Irvine Boulevard, Suite 115
Tustin CA 92780
Tel (714) 734-3715
Fax (714) 734-3716
mattkurilich@yahoo.com

*Co-Counsel*
Mark Morrison, Bar Number 152561
220 Second ST, No. 30
Langley, WA 98260
Tel 360-221-0253
Fax 360-851-2010
mark@markmorrisonlaw.com

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MORRISON, an individual; | Case No: 3:08-CV-1945-EMC |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXTEND CASE MANAGEMENT CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MATTHEW KURILICH** |
| vs. | |
| ULI ZANGPO, an individual; | |
| Defendants. | |
| | Date: September 10, 2008 |
| | Time: 10:30 a.m. |
| | Courtroom: C, 15th FLR |

Plaintiff, MARK MORRISON, hereby objects to defendant's motion to dismiss for lack of jurisdiction as follows:

1

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## *Statement of Issues*

The essential issue presented in this case is whether or not to change the date for the Initial Case Management Conference set for July 16, 2008?

## *Statement of Facts*

Plaintiff filed a complaint on April 11, 2008 with an answer due on May 14, 2008. Plaintiff's attorney, Matthew Kurilich (Kurilich), received a phone call from defendant's counsel, Neil Bloomfield (Bloomfield), on May 12, 2008 asking for a 28-day extension to answer the complaint on June 11, 2008 as Bloomfield stated he had yet to meet with his client and he needed time to answer the detailed complaint. Declaration of Matthew Kurilich. Kurilich granted the extension. Id. On June 9, 2008, Kurilich received a letter from defendant's counsel, Bloomfield, requesting mediation and binding arbitration. Id. On June 10, 2008, Kurilich called Bloomfield and had a brief conversation where Kurilich granted a second extension to file an answer and further agreed that Kurilich would draft and deliver a proposed stipulation for binding arbitration, which was completed via email on June 11, 2008 at 1:46 p.m. Id. Kurilich and Bloomfield did not discuss the motion to dismiss or the motion to stay. Id. Had Bloomfield stated his intention to file either motion, we would have given him the declaration of Mark Morrison regarding his intention to stay in Washington indefinitely, and we had already agreed to binding arbitration making the second motion moot.

On June 11, 2008 at 5:22 p.m., Bloomfield filed a motion to dismiss for lack of jurisdiction and at 5:45 p.m. a motion to stay proceedings and discovery pending mandatory arbitration. On June 17, 2008, Bloomfield filed a motion to extend he date of the initial case management conference.

*Equitable Powers*

The purpose of F.R.C.P. 26 is to allow for an efficient and effective adjudication of a legal complaint as evidenced by the requirements of (a)(1):

(A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) a computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

1  Plaintiff has nothing to hide and is going to comply with F.R.C.P. 26 by making the initial
2  disclosures as we are going to use this information to support our claims at either trial or binding
3  arbitration.
4      Each time defendant's counsel has asked for something we have agreed: 1) we said yes
5  to a 28 day extension to answer; 2) we said yes to a 7 day extension to answer (defendant's
6  counsel wanted 14 days, which we felt unreasonable after having 48 days to answer); and 3) we
7  said yes to binding arbitration. Unfortunately, defendant's counsel has not kept any of his
8  agreements with plaintiff's counsel, and it is our belief that his motives are simply to delay these
9  proceedings. Plaintiff's counsel is wasting this Court's time and his client's money: 1) The
10 motion to dismiss for lack of jurisdiction would never have been filed (presumably) if he had just
11 called and asked for the basis of plaintiff's claim for Washington residence; 2) the motion for
12 arbitration was equally unnecessary, since we had agreed to arbitration (and even sent him a
13 proposed draft of a stipulation) before he filed his motion, which defendant's counsel failed to
14 inform this Court; and 3) the latest motion is similarly unnecessary--there is no dispute over
15 arbitration, there is no request for relief from the express terms of the arbitration terms (re
16 discovery or anything else); and there is not even a colorable factual justification for the motion
17 to dismiss as he would have found out if he had bothered to call plaintiff's counsel.
18     We believe we will prevail on the motion to dismiss and we have agreed to binding
19 arbitration. There is no reason to delay this case until September 27, 2008 and we ask this Court
20 to use its equitable powers to either maintain the July 16, 2008 initial case management
21 conference where all disputes can be resolved or make immediate rulings on defendant's motions
22 and move forward accordingly.[1]

---

[1] In the event this Court chooses to have a hearing and initial case management conference, plaintiff waives notice and we ask that the hearing and initial case management be set on the same day to accommodate the fact that plaintiff's counsel will be traveling from Orange County, California. However, we continue to ask this Court to order binding arbitration and maintain

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXTEND CASE MANAGEMENT

CONFERENCE

## CONCLUSION

Plaintiff respectfully requests this Court to sustain the above objections.

Dated:  6-20-08                                    Respectfully submitted,

                                                   MATT KURILICH ATTORNEY AT LAW


                                                   By: /s/Matt Kurilich
                                                       Matt Kurilich,
                                                       Attorney for Plaintiff

*Co-Counsel*
Mark Morrison, Bar Number 152561
220 Second ST, No. 30
Langley, WA 98260
Tel 360-221-0253
Fax 360-851-2010
mark@markmorrisonlaw.com

---

jurisdiction so that we can move forward with the efficient and effective adjudication of this case.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXTEND CASE MANAGEMENT

CONFERENCE