**LAW OFFICES OF NEIL JON BLOOMFIELD**
Neil Jon Bloomfield, Esq. (State Bar No. 52235)
901 E Street, Suite 100
San Rafael, CA 94901
Telephone:  415-454-2294
Facsimile:  415-457-5348

Attorneys for Defendant
ULI ZANGPO

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MORRISON.<br>    Plaintiff,<br><br>vs.<br><br>ULI ZANGPO,<br>    Defendant. | No. CV 08 1945 EMC<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION AND REPLY TO NON-OPPOSITION ON ARBITRATION REFERRAL**<br><br>Date:  July 23, 2008<br>Time:  10:30 a.m.<br>Place:  Courtroom C, 15th Floor |

Plaintiff has failed to meet his burden of proof to establish jurisdiction.  "[T]he party asserting diversity jurisdiction bears the burden of proof . . .."  (*Kanter v. Warner-Lambert Co*. (2001) 265 F. 3d 853, 857-8.)   This motion to dismiss should be granted.

Although Plaintiff's declaration states that he intends to remain in the State of Washington indefinitely, which would support his claim to be a citizen of the State of Washington, the declaration is ambiguous and Plaintiff's mere statement of intention is not sufficient to meet his burden of proof on diversity.  "The courts . . . have stated that domicile is evaluated in terms of 'objective facts' and that 'statements of intent are entitled to little weight when in conflict with facts.'"  (*Lew v. Moss*, (9th Cir. Cal. 1986) 797 F. 2d. 747, 750.)

Plaintiff had the opportunity to attach documents to his declaration to back up his various assertions, but, strangely, the only document attached was from the Fairfax, California Police Department, and showed a Fairfax, California address for Plaintiff. Plaintiff's assertion that he did not attach any document with his residential address because of a death threat is a red herring—the "death threat" was closed by the police department in less than an hour, indicating that it was dismissed summarily and appropriately by the Fairfax Police. Plaintiff could have attached supporting documents and has not done so. It is Plaintiffs burden of proof, and it has not been met and further is refuted by the document that Plaintiff did submit.

The one document submitted by plaintiff demonstrates that Plaintiff's address is 200 Bolinas Road, # 56, in Fairfax California. If there is any evidence of any other address it has been deleted by Plaintiff. The document admits a Fairfax address, and does not establish any other address. 200 Bolinas Road is a large complex of apartments in Fairfax, California.

While Plaintiff cannot meet his burden of proof without documentary evidence[1], he can by admission concede the lack of diversity and he has done so, first by admitting to the Fairfax Police on an incident report dated 6-17-08 that his address is 200 Bolinas Road in Fairfax (Exhibit 1 to declaration of Mark Morrison filed 6-20-08, which appears at page five of that document) which reads as follows:

"Caller Name Mark Morrison Caller Address: 200 Bolinas Road Fairfax Caller phone 415-686-2276".

Plaintiff's California domicile is further confirmed by his admissions that he maintains his banking in California, that he keeps his vehicle registered in California, and that he also maintains a California mailbox address, California bar membership, and a California accountant. The statement to the police on 6-17-08 admits California residence, and also shows of course plaintiff's personal presence in Fairfax on that date and at that time. Plaintiff admits to purposely not attaching any document that shows any address outside of California, and has attached a document that shows his

---

[1] "The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure." *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 80 L. Ed. 1135, 56 S. Ct. 780 (1936).

address in Fairfax California. For all these reasons, plaintiff has failed to meet his burden of proof and the case should be dismissed.

Plaintiff is trying to prejudice the court with false and unsubstantiated hearsay claims about defendant. The police report attached shows the case as closed, no prosecution. The disposition is advice given cited at the line below the line quoted above, and repeated at the end of the document as "AG". The claimed incident, claimed on the basis of double hearsay, did not even justify sending for review by a district attorney.

Defendant initially set the hearing on this motion for September 10 to give the parties an opportunity to conduct discovery solely on the issue of Plaintiff's domicile. Plaintiff requested the Court speed up the proceedings and filed opposition early, and the matter was thus accelerated at Plaintiff's request. Plaintiff has provided no documentary evidence of a Washington State domicile. His assertions about intent are not sufficient to meet his burden of proof. Plaintiff claims there is documentary evidence, but has not produced any. Giving excuses for not producing is not a way to meet the burden of proof on the motion. Plaintiff has not met his burden of proof, and this motion to dismiss should be granted.

Plaintiff's Opposition, and the declaration of Plaintiff's counsel, Matthew Kurilich, both discussed Defendant's requests for extensions of time to respond to the Complaint. Although this discussion is irrelevant to this motion, and is simply an untrue and inappropriate attempt to prejudice the Court in some way against Defendant or his counsel, Defendant feels compelled to respond, as the events were misrepresented. Plaintiff did stipulate to Defendant's first request for an extension, and the stipulation was filed with the Court (Docket #6) and granted (Docket #7.) Plaintiff's counsel orally agreed to a further one-week extension to respond to the complaint, but when Defendant's counsel sent a simple one sentence stipulation, Plaintiff's counsel failed to timely sign the stipulation, instead sending a proposed stipulation to binding arbitration which changed the terms of the parties' arbitration agreement. Defendant thus had to either 1) file a response or 2) risk a default, and go out of compliance with court rules. The stipulation signed by Plaintiff's counsel extending

REPLY TO OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION,
AND REPLY TO NON OPPOSITION ON ARBITRATION REFERRAL

Defendant's time to respond showed up in the fax machine of Defendant's counsel shortly before midnight on June 11, hours after this motion had been filed.

Although the parties have an agreement that calls for binding arbitration, Defendant and his counsel believe that mediation would be a more expeditious proceeding to resolve the disputes between Plaintiff and Defendant, and should be attempted before arbitration. Arbitration should be the method of trial, and mediation should be the method of attempting to avoid trial by alternate dispute resolution. It is likely that additional parties will need to be joined to any binding arbitration.

Because there is no diversity and because Defendant's substantive pleadings by way of counterclaims and cross-claims are not yet due, and may not become due because of issues of stay and dismissal, Defendant's claims against Plaintiff (all of which Defendant presently expect to have arbitrated) have not yet been filed herein. These claims include, but are not limited to, claims of breach of promise to repay a $100,000 loan and interest, which was made in March, 2007; unpaid wages and employee expense reimbursements; fraud; and unfair business dealings with a client prohibited by California Rules of Professional Conduct Rule 3-300. Additionally, all the business dealings by Plaintiff that were unfair and unreasonable, and were thus fraudulent and in violation of rule 3-300, will need to be rescinded and cancelled. All these matters can, should, and will be considered by the arbitrator, and need to be mentioned and included in any referral to arbitration.

Again, Defendant chose September 10 as a hearing date on his motion to stay proceedings pending arbitration to give the parties a chance to informally resolve their disputes prior to the hearing on that motion through mediation. Since Plaintiff did not oppose that motion, the Court granted it early, but the form of order still needs to be addressed. If this motion to dismiss is not granted, Defendant would like to submit a new proposed order on the referral to arbitration, as various items have changed since the original proposed order was submitted

In any case, since the parties have a clear remedy in state court, to confirm any arbitration award, or in this court, the present complaint serves no purpose and should be dismissed without prejudice as premature and not yet ripe for litigation, rather than stayed, even if it is not dismissed due to diversity. With Plaintiff admitting the arbitration agreement, and not yet having complied with it,

4

REPLY TO OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION,
AND REPLY TO NON OPPOSITION ON ARBITRATION REFERRAL

1  the complaint herein is premature. The party prevailing in the eventual arbitration can then file to
2  confirm the award, either in this court if the amount meets the jurisdictional standard and there is
3  diversity, or in the California state court.
4     Meanwhile, as to this Motion to Dismiss for Lack of Diversity Jurisdiction, the Court should
5  grant the motion. Plaintiff has not met his burden of proof in establishing that he is a citizen of the
6  State of Washington,

Dated: July 9, 2008                    LAW OFFICES OF NEIL JON BLOOMFIELD


                                       By: _____
                                            Neil Jon Bloomfield
                                            Attorney for Defendant Uli Zangpo