United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MORRISON, | No. C-08-1945 EMC |
|     Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S REVISED COMPLAINT; DENYING DEFENDANT'S MOTION TO STRIKE; AND REFERRING CASE TO MEDIATION** |
|     v. | |
| ULI ZANGPO, | |
|     Defendant. | |
| _____/ | **(Docket Nos. 8, 36)** |

Plaintiff Mark Morrison has filed suit against Defendant Uli Zangpo for violations of state law. Currently pending before the Court is Mr. Zangpo's motion to dismiss for lack of subject matter jurisdiction. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsels, the Court hereby **DENIES** the motion to dismiss. The Court also **DENIES** Mr. Zangpo's motion to strike.

## I.    FACTUAL & PROCEDURAL BACKGROUND

In his complaint, Mr. Morrison alleges that, on June 21, 2006, he entered into a written contract with Mr. Zangpo pursuant to which Mr. Zangpo would build a single-family residence on certain property owned by Mr. Morrison, located in San Anselmo, California, by October 15, 2006. *See* Compl. ¶ 10-12. Construction was delayed when the city issued a stop work notice. *See id.* ¶ 31. On December 5, 2006, the parties entered into a new contract which extended the final completion date to May 1, 2007. *See id.* ¶¶ 42,43, 47. However, Mr. Zangpo failed to meet inspection deadlines, performed defective work, and failed to complete the project. *See id.* ¶¶ 76, 82; p. 11 ¶ 2-3.

Thereafter, Mr. Morrison filed suit against Mr. Zangpo, asserting claims for (1) violation of California Business & Professions Code § 7031(b); (2) breach of contract for failure to meet inspection deadlines; (3) breach of contract for defective and incomplete work; (4) breach of the covenant of good faith and fair dealing; (5) money had and received; and (6) open book accounting. Because all of the claims are state claims, the only basis for subject matter jurisdiction in the instant case is diversity jurisdiction. In his motion to dismiss, Mr. Zangpo contends that there is no diversity jurisdiction because both he and Mr. Morrison are citizens of California. *See* 28 U.S.C. § 1332 (granting district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States"). Mr. Morrison argues that there is diversity jurisdiction because he is actually a citizen of Washington, not California.

## II.    **DISCUSSION**

As the party asserting jurisdiction, Mr. Morrison ultimately has the burden of proving such by a preponderance of evidence. *See McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 188 (1936); *Bashir v. Boeing Co.*, No. 05-55321, 2007 WL 1675317, at *575 (9th Cir. June 11, 2007); *China Basin Properties, Ltd. v. Allendale Mut. Ins. Co.*, 818 F. Supp. 1301, (N.D. Cal. 1992). However, if a defendant challenges subject matter jurisdiction and the parties present only written materials to support their respective positions, then a plaintiff is required to make only a prima facie showing of jurisdiction. *See Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F. 2d 1280, 1285 (9th Cir. 1977) (holding that a plaintiff asserting personal jurisdiction must make only a prima facie showing when the plaintiff's proof is restricted to written materials); *Societe de Conditionnement en Aluminium v. Hunter Engineering Co., Inc.,* 655 F.2d 938, 942 (9th Cir. 1981) (adopting *Data Disc* principles for subject matter jurisdiction); *Shoom, Inc. v. Electronic Imaging Systems of America, Inc.,* No. C05-03434 MJJ, 2006 WL 1529983, at *4 (N.D. Cal. May 31, 2006) (same).

A party asserting jurisdiction has established a prima facie case when he/she "has produced admissible evidence which, if believed, would be sufficient to establish the existence of jurisdiction." *U.S. ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1121 (C.D. Cal. 2000). In

determining whether the burden has been satisfied, "uncontroverted allegations in [the plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor." *American Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (discussing personal jurisdiction).

In the instant case, the question is whether Mr. Morrison has made a prima facie case that he was in fact a citizen of Washington (rather than California) at the time he filed the complaint. *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). "To show state citizenship for diversity purposes . . . a party must (1) be a citizen of the United States, and (2) be domiciled in the state." *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 823, 826 (D. Nev. 1988). When one has changed domicile, as is the case here, domicile requires one's (1) physical presence in a state and (2) the intent to remain there indefinitely. *See Lew,* 797 F.2d at 750; *Carter v. McConnel*, 576 F. Supp. 556, 558 (D. Nev. 1983). To determine whether the second element is met, courts examine the totality of the circumstances, which include the following factors:

> Voting registration and voting practices; Place of employment or business; Current residence; Affidavits of intention; Transfer requests; Location of real property rented or owned; Location of personal property; Location of spouse and family; Driver's licenses; Automobile registration; Licenses other than driver's license; Location of brokerage and bank accounts; Payment of taxes; Tax return addresses; Membership in unions; Location of religious organizations with which affiliated; Locations of fraternal organizations, clubs, and other social associations; Location of business and financial transactions; Exercise of civil and political rights; [L]ocation of a person's physician, lawyer, accountant, dentist, and stockbroker; Payment of utilities; Acquisition and listing of telephones; Receipt of mail; Membership in professional organizations; [and] Membership in civil organizations.

15-102 Moore's Federal Practice -- Civil § 102.36[1]; s*ee also Lew*, 797 F.2d at 751; *Abbott,*718 F. Supp. at 826.

The Court concludes that, in the instant case, Mr. Morrison has established a prima facie case of domicile in Washington. Although evidence presented by Mr. Zangpo indicates that Mr. Morrison still has some ties with California -- *e.g.*, his California Bar membership and real estate license -- the evidence taken as a whole demonstrates that, at the time of the complaint, Mr.

Morrison was physically present in Washington and intended to stay there indefinitely.  Particularly compelling is Mr. Morrison's and his family's residence in Washington (where they have a two-year lease agreement for a single-family residence), his children's enrollment in a Washington school, his Washington voter registration and attendance at a local presidential caucus, his Washington driver's license, his Washington doctor and dentist, and his primary mailing address in Washington.  *See Lew*, 797 F.2d at 752 (holding that the defendant was domiciled in California although his company was located in Hong Kong and he stayed in Hong Kong when he was not traveling because his wife and children continued to live in California and he visited California on certain holidays); *see also Markham v. Vancura*, No. 02 C 50096, 2002 WL 1291807, at *1 (N.D. Ill. June 11, 2002) (stating that "[g]enerally, where a person resides, where he owns a home, and where his family and personal belongings are located are relevant in determining the person's intent to remain in a particular location."); *Stein v. Gardner*, No. 1:04CV818LG-RHW, 2005 WL 1362258, at *6.  (S.D. Miss. May 20, 200) (holding defendant's domicile to be in Pennsylvania, where he owned a home, his wife and child live and he was a registered voter despite moving to Mississippi to practice medicine); *Sadesky v. Liberty Chevrolet, Inc.*, No. 04-CV-1894 (KMK), 2005 WL 1026326, at *3 (S.D. N.Y. May 03, 2005) (holding that although the defendant was licensed to drive a taxi in New York, where he resided during the week and received work-related mail, he was domiciled in New Jersey, where he had his home, his family lived, paid his taxes and registered to vote).

      At the hearing, Mr. Zangpo argued that Mr. Morrison could only make a prima facie showing if the Court considered a second declaration that Mr. Morrison improperly submitted after briefing was already completed.  *See* Civ. L.R. 7-3(d).  According to Mr. Zangpo, the Court should strike the second declaration of Mr. Morrison and grant the motion to dismiss because the original declaration submitted by Mr. Morrison is inadequate to establish a prima facie case of domicile in Washington.  The Court is not persuaded.  Mr. Morrison is able to make a prima facie showing based on his original declaration alone.  Contrary to what Mr. Zangpo argues, Mr. Morrison did not, in his original declaration, simply make a naked claim of intent to reside in Washington indefinitely.  *See Lew*, 797 F.2d at 750.  While he did make such a claim, *see* Morrison Decl. ¶ 8, he supported that claim by discussing objective facts that the Court could evaluate to determine whether that claim

4

was in fact true -- *e.g.*, his Washington driver's license and voter registration. In his reply, Mr. Zangpo never provided any evidence to challenge those objective facts. The Court therefore denies Mr. Zangpo's motion to strike as moot. The Court also notes that Mr. Morrison's second declaration was not unduly prejudicial to Mr. Zangpo as it simply provided documentary evidence to bear out Mr. Morrison's statements that, *e.g.*, he had a Washington driver's license and that his children were enrolled in a Washington school. At the hearing, Mr. Zangpo's counsel conceded that he had no factual basis for doubting the statements made in either of Mr. Morrison's declarations.

### III.    CONCLUSION

For the foregoing reasons, both Mr. Zangpo's motion to dismiss and his motion to strike are denied.

While the Court previously held that it would order mandatory arbitration if the motion to dismiss were denied, *see* Docket No. 27 (order, filed on 7/1/2008), the Court shall give Mr. Morrison an opportunity to file a motion to reconsider with respect to that order. *See* Civ. L.R. 7-9 (governing motions for reconsideration). If he files such a motion, Mr. Morrison must, of necessity, establish that he is entitled to withdraw his statement for nonopposition to Mr. Zangpo's request for binding arbitration. *See* Docket No. 20 (statement of nonopposition). He would also have to prevail on the merits and demonstrate that the instant dispute is not subject to the arbitration clause in the Manzanita agreement. Mr. Morrison shall have until August 4, 2008, to file a motion for reconsideration. If Mr. Morrison files such a motion, then the opposition must be filed by August 14, 2008.

In the meantime, the parties are ordered to meet and confer to discuss whether they can reach an agreement regarding arbitration. To assist the parties, the Court shall also refer the instant case to the ADR unit for mediation on an expedited basis. To assist the mediation, Mr. Zangpo must produce all documents that make up his initial disclosures within ten days of this order. Mr. Zangpo is not required to file any response to Mr. Morrison's complaint until further order of the Court.

///

///

///

5

Finally, the Court orders the parties to appear for a case management conference on October 15, 2008, at 2:30 p.m. A joint case management conference statement shall be filed by October 8, 2008.

This order disposes of Docket Nos. 8 and 36.

IT IS SO ORDERED.

Dated: July 28, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge