1

**LAW OFFICES OF NEIL JON BLOOMFIELD**

2
Neil Jon Bloomfield, Esq. (State Bar No. 52235)
901 E Street, Suite 100

3
San Rafael, CA 94901
Telephone:  415-454-2294

4
Facsimile:   415-457-5348

5

Attorneys for Defendant

6
ULI ZANGPO

7

8                     UNITED STATES DISTRICT COURT FOR THE

9                        NORTHERN DISTRICT OF CALIFORNIA

10

11

12
MARK MORRISON.                          ) No. CV 08 1945 EMC
     Plaintiff,                          )
                                         )

13
                                         ) **DEFENDANT'S OPPOSITION TO**
     vs.                                 ) **PLAINTIFF'S MOTION FOR**

14
                                         ) **RECONSIDERATION OF REFERRAL TO**
                                         ) **ARBITRATION**

15
ULI ZANGPO,                             )
     Defendant.                          )

16
                                         ) Date:  September 17, 2008
                                         ) Time:  10:30 a.m.

17
                                         ) Place:  Courtroom C, 15th Floor
                                         )

18
_____

19                              **INTRODUCTION**

20
     Defendant Uli Zangpo opposes Plaintiff's motion for reconsideration of the Court's referral of

21
this case to binding arbitration (which Plaintiff titled "Plaintiff's Motion for Relief from Stipulation

22
and Opposition to Defendant's Motion for Binding Arbitration") on the grounds that Plaintiff has

23
failed to provide sufficient grounds for the Court to reconsider its previous order for mandatory

24
arbitration, and has failed to demonstrate why he should be relieved of his earlier stipulation to

25
arbitrate.  Even if the Court were to reconsider its previous order, the Court should arrive at the same

26
conclusion—the contracts between the parties mandate arbitration (although this should not prevent

27
the parties from first attempting to mediate their disputes).

28

1

Plaintiff also raised some issues that are not relevant to the motion before the Court, but were perhaps raised in an attempt to prejudice the Court against Defendant.  Plaintiff claims that Defendant acted in bad faith by failing to deliver supporting documents to his Rule 26 initial disclosures at the time Plaintiff filed his motion.  (Document 40:12:14-18.)   Rule 26(B) provides that a party can deliver either "a copy of, or a description by category and location" of documents. The Court, in its July 28 order,  ordered Defendant to "produce all documents that make up his initial disclosure within ten days of this order."  (Document 39, 5:23-24.)  Plaintiff's motion was filed four days after this order, and Defendant timely complied with the order six days later.

Plaintiff also discusses bifurcating or severing claims if Defendant files a cross-complaint. (Document 40, 7:20 – 9:15.)  Since Defendant has not yet filed a cross-complaint, this issue is not yet ripe.  Furthermore, any issues of separating Plaintiff's claims against Defendant and Defendant's claims against Plaintiff are in the present posture of the case issues precluded by the stay, and further, are matters for the arbitrator to determine.  However, if and when the Court or the arbitrator reach the issues, since there is a clear common core of facts and a clear connection between the Manzanita agreement and the Prospect agreements (discussed in the argument below), and since any damages that might be awarded on the complaint will be offset and most likely subsumed within the damages awarded to Defendant on the cross-complaint, it makes no sense to sever these claims and cross-claims.  If additional parties are added, claims involving them might be suitable for severance, but that issue is entirely premature at this stage of the litigation.

The Court should focus on the issue before it—whether its should reconsider and reverse its previous determination that the issues raised in the Complaint are subject to binding arbitration.  For all the reasons discussed below, the Court should not change its previous determination.

### PROCEDURAL BACKGROUND

On June 11, 2008, Defendant Uli Zangpo filed a motion to dismiss for lack of diversity jurisdiction and a motion to stay the proceedings pending mandatory arbitration (Documents 8 and 11).

OPPOSITION TO MOTION FOR RECONSIDERATION OF REFERRAL TO ARBITRATION

1    On June 20, 2008, Plaintiff filed a Statement of Non-Opposition to binding arbitration

2   (Document 20).  In this Statement, Plaintiff stipulated to arbitration, and "stipulates that arbitration

3   thus extends to any and all actual and potential claims and disputes relating to, or arising from, the

4   Prospect property referred to in the Complaint because the parties' contract regarding the Prospect

5   property refers to the Manzanita property."  (Document 20, 1:24-2:2.)  Plaintiff then went on to state,

6   ". . . Plaintiff does not agree that the Prospect contract is an 'addendum' to the Manzanita

7   agreement—only that **the dispute over the Prospect contract relates to, or arises from, the**

8   **Manzanita property, and that any potential dispute regarding either property or contract**

9   **should be decided by binding arbitration.**"  (Document 20, 2:4-8 [emphasis added].)

10    On July 1, 2008, the Court issued an order which stated, "Should the motion to dismiss be

11   denied, the Court will order mandatory arbitration."  (Document 27, 2:3.)

12    On July 28, the Court denied Defendant's motion to dismiss.  In that order, the Court also

13   stated,

14          While the Court previously held that it would order mandatory arbitration if the
    motion to dismiss were denied, *see* Docket No. 27 (order, filed 7/1/2008), the Court
15   shall give Mr. Morrison an opportunity to file a motion to reconsider with respect to
    that order *See* Civ. L.R. 7-9 (governing motions for reconsideration).  If he files such a
16   motion, Mr. Morrison must, of necessity, establish that he is entitled to withdraw his
17   statement for nonopposition to Mr. Zangpo's request for binding arbitration.  *See*
    Docket No. 20 (statement of nonopposition).  He would also have to prevail on the
18   merits and demonstrate that the instant dispute is not subject to the arbitration clause
19   in the Manzanita agreement. . . .

20   (Document 39, 5:11-18.)

21    Plaintiff filed his "Motion for Relief from Stipulation and Opposition to Defendant's Motion

22   for Binding Arbitration" on August 1, 2008.  (Document 40.)

23

24                                   **FACTUAL CONTENTIONS**

25    Defendant disputes many of the facts as presented in Plaintiff's Statement of Facts (Document

26   40, 2:15 – 5:19.)  However, since most of the disputed facts are irrelevant to the issues before the

27   court, Defendant will not present his version of the facts here.  Defendant will present his version of

28   the facts when they become relevant to an issue before the court.  As to this motion, the only facts

                                          3

1    which are relevant support that the agreement pertaining to the Prospect property arises out of, or

2    relates to, the agreement pertaining to the Manzanita property.   These facts are discussed in the

3    section of the argument describing how the two agreements are related.

4

5                                              **ARGUMENT**

6

7    **Plaintiff Has Failed to Comply With Civil Local Rule 7-9.  His Motion for Reconsideration Should be Denied.**

8         The Order providing Plaintiff an opportunity to file a motion to reconsider the order for binding

9    arbitration specifically referred to Civil Local Rule 7-9.  Rule 7-9(b) provides:

10

11        A motion for leave to file a motion for reconsideration must be made in accordance
          with the requirements of Civil L.R. 7-9.  The moving party must specifically show:

12

13            (1)  That at the time of the motion for leave, a material difference in
              fact or law exists from that which was presented to the Court before
              entry of the interlocutory order for which reconsideration is sought.
14            The party also must show that in the exercise of reasonable diligence
              the party applying for reconsideration did not know such fact or law at
15            the time of the interlocutory order; or

16

17            (2)  The emergence of new material facts or a change of law occurring
              after the time of such order; or

18

19            (3)   A manifest failure by the Court to consider material facts or
              dispositive legal arguments which were presented to the Court before
20            such interlocutory order.

21

22    Plaintiff has not demonstrated any material difference in fact or law from what was presented to the

23    Court when he filed his Statement of Non-Opposition.  Plaintiff's stated grounds for reconsideration,

24    "mistake, excusable neglect, or improvidence," (Document 40, 10:25-11:1) are not permissible

25    grounds for reconsideration.  Neither is his contention that "Plaintiff's non-opposition was a mistaken

26    legal tactic . . ." (Id., 11:24.)

27         Plaintiff argues, "Defendant concedes that the facts have changed since Plaintiff filed his non-

28    opposition to arbitration . . ."   (Document 40, 9:10), referring to Defendant's Reply Pleading

                                                     4

1    (Document 32).  What had changed was that the Court issued its order early, on July 1, instead of

2    after the hearing date set by Defendant, September 10.  Defendant wanted to present his point of view

3    that the parties could benefit from mediation.

4         Plaintiff also argues that he is entitled to reconsideration because Defendant "has stated his

5    intention" to file a cross-complaint (Document 40, 12:19-20.)  This cannot be considered a material

6    difference in fact or law from when the order mandating arbitration was entered.  At that time,

7    Defendant had not yet filed an answer, and was entitled to file a cross-complaint up to the time he

8    answered the Complaint.  The July 28 order provided "Mr. Zangpo is not required to file any response

9    to Mr. Morrison's complaint until further order of this court.  (Document 39, 5:24-25.)  Defendant is

10   still entitled to file a cross-complaint.  Thus, there has been no change.

11        Plaintiff's motion for reconsideration should be denied, as Plaintiff has not demonstrated that

12   he is entitled to have his Non-Opposition reconsidered.

13

14

**Plaintiff Has Not Shown That He Is Entitled Withdraw His Stipulation to Arbitrate**

15        The Court's order allowing Plaintiff to file this motion stated, "If he files such a motion, Mr.

16   Morrison must, of necessity, establish that he is entitled to withdraw his statement for nonopposition

17   to Mr. Zangpo's request for binding arbitration."  (Document 39, 5:14-16.)  In order to withdraw a

18   stipulation, a party must present evidence which shows that withdrawal of the stipulation is necessary

19
     to prevent manifest injustice.  (*Waggoner v. Dellaire* (9th Cir. 1985) 767 F. 2d 589, 593.)   In a 2001
20
     Order, Magistrate Judge Laporte explained how the courts determine "manifest injustice":
21

22        In determining what constitutes manifest injustice, courts may consider: (1) the effect
          of the stipulation on the party seeking to withdraw the stipulation; (2) the effect on the
23        other parties to the litigation; (3) the occurrence of intervening events since the parties
          agreed to the stipulation; and (4) whether evidence contrary to the evidence is
24        substantial. See Waldorf v. Shuta, 142 F.3d 601, 617-18 (3d Cir. 1998). See Park v.
          Transamerica Ins. Co., 917 F. Supp. 731, 735 (D. Hi. 1996) (manifest injustice would
25        result to the plaintiffs if the court were to fully enforce the stipulation because it was
          never their intention to waive their right to recover attorneys' fees and costs);
26        Compania Trasatlantica Espanola, S.A. v. Hartford Accident & Indem. Co., 950 F.2d
          105 (2d Cir. 1991) (the plaintiff would suffer "great harm" from the stipulation
27

28

OPPOSITION TO MOTION FOR RECONSIDERATION OF REFERRAL TO ARBITRATION

because it would lose its right to challenge the district court's adverse ruling where the amount in controversy was in excess of six million dollars).

(*State Farm Fire & Casualty v. McDevitt*, Case No. C-00-2240 EDL, Order filed June 1, 2001, 2001 U.S. Dist Lexis 7529, 21-22.)   Here, Plaintiff has not presented any evidence to show that withdrawal of his stipulation is necessary to prevent manifest injustice.  His declaration in support of his motion for reconsideration does not even mention the stipulation (Document 40-2.)   Plaintiff's arguments regarding withdrawing the stipulation seem to be 1) "Plaintiff's non-opposition [to arbitration] was a mistaken legal tactic . . ." (Document 40, 11:24), "It was a mistake, excusable neglect and improvident . . . " (Document 40, 12:1-2) , and "Denying relief would place Plaintiff in the position of losing his Constitutional Seventh Amendment right to a trial . . ." (Document 40, 13:11-12.)  But every agreement for binding arbitration, whether found in a contract between the parties or in a stipulation filed with the court will necessarily waive the right to a jury trial.  And, although the right to a jury trial in a civil case is important, it is not so fundamental that it cannot be waived by simply failing to timely assert it.  (Hill v. Blind Indus. & Servs. (9th Cir. 179 F. 3d 754, 758), F.R. Civ. Proc. 38(d).)

Lead counsel, who signed the stipulation, made the commitment to arbitrate, and filed the stipulation on behalf of Plaintiff (in Plaintiff's dual roles as party litigant and as his own attorney co-counsel) has not provided any declaration or other evidence supporting Plaintiff's argument that the stipulation should be withdrawn.

Plaintiff has failed to produce any evidence showing that his stipulation to arbitrate the disputes between Plaintiff and Defendant must be withdrawn to prevent manifest injustice.  Therefore, the court should not allow him to withdraw his stipulation and should uphold its previous determination that this case should be submitted to binding arbitration.

//

//

//

6

**Even If Plaintiff Is Permitted to Withdraw His Stipulation, the Agreements Between the Parties Still Compel Arbitration of This Dispute.**

The December 13, 2005 agreement between the parties (the Manzanita Agreement, Document 12-2) provided "Each Party waives the right to trial by jury in any action or proceeding between each of the Parties, on one side, and the other Parties on the other, based upon, arising out of, or in any way relating to this Agreement." (Document 12-2, page 6, paragraph 27.)   In order to have the Court enforce this arbitration agreement and apply it to the present dispute (the Prospect agreements), Defendant only needs to show that the present dispute "arises out of" or "is related to" the earlier agreement.

There is substantial evidence that the two agreements are related.  First, Plaintiff attached a Note Secured by a Deed of Trust on the Manzanita property to his Complaint regarding the Prospect property contract.  (Complaint, Exhibit H.)   Furthermore, both versions of the Prospect contract (Complaint, Exhibits B and F) specifically refer to this debt.  Defendant worked on the Prospect property primarily because Plaintiff was not able to meet his financial commitment on the Manzanita property, and Defendant would receive the rest of his payment only when the Prospect property was remodeled and sold.  (Declaration of Steven Finkbine, 2:3-7.)   In the early discussions about the Manzanita project, Plaintiff mentioned the Prospect property as one of his projects and as a source of revenue for the Manzanita project (Declaration of Uli Zangpo, 2:19-22).   Plaintiff and Defendant together developed a workshop to jointly service the needs of both the Manzanita and Prospect projects (Declaration of Steven Finkbine, 2:8-12;  Declaration of Uli Zangpo, 3:16-25.)   The Manzanita project was to be funded partly from the Prospect property  (Declaration of Uli Zangpo, 2:25-28).   Tons of rock that had been stored at the Manzanita properties were transported to the Prospect property for fill and stabilization (Declaration of Uli Zangpo, 3:26 – 4:7.)   Materials stored on the Manzanita property were used on the Prospect job.  (Declaration of Steven Finkbine, 2:13-14.)   Soil and timber removed from the Prospect property were transported to the Manzanita properties to be used on that project.  (Declaration of Uli Zangpo, 4:7-12.).   Plaintiff was aware of the relationship between the two projects.  In an e-mail to Defendant dated June 16, 2006, Plaintiff wrote "I too am

7

1    concerned about this [the Prospect project] taking away your time for our future homes {the

2    Manzanita projects.]  (Document 40-2, page 32.)

3        Federal courts apply state law principles in interpreting arbitration agreements.  (*Volt Info Scis.*

4    *v. Bd. of Trs*. 489 U.S. 468, 474.)   But, "in applying general state-law principles of contract

5    interpretation to the interpretation of an arbitration agreement, . . . [citation] due regard must be given

6    to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause

7    itself resolved in favor of arbitration (*Id*., at 475-476.)

8        California law also favors arbitration.  In California, there is a strong presumption in favor of

9    arbitrability.  (*Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street* (1983)  35

10    Cal. 3d 312, 323 (1983)).  As the Supreme Court has held, Courts will "indulge every intendment to

11    give effect to such proceedings." (*Doers v. Golden Gate Bridge etc. Dist*  (1979) 23 Cal. 3d 180,

12    189(1979))   "[A]rbitration agreements should be liberally interpreted," (*Vianna v. Doctors'*

13    *Management Co.,* (1994) 27 Cal. App. 4th 1186, 1189 (citations omitted)) and "**any doubts as to the**

14    **scope of an agreement to arbitrate are to be resolved in favor of arbitration."**  *Larkin v.*

15    *Williams*, (1999) 76 Cal. App. 4th 227, 230 (citations omitted).)

16        The court should find that the present dispute regarding the Prospect property arises out of, or

17    relates to, the Manzanita agreement, and should uphold its previous order submitting the dispute to

18    arbitration.  (The court should also continue to give the parties the opportunity to first mediate their

19    disputes.)

20

21

22                                           **CONCLUSION**

23        Plaintiff has failed to provide any new facts or law since his previous stipulation to arbitrate this

24    dispute.  His motion for reconsideration should be denied on this basis alone.  Even if the court were

25    to reconsider its previous order, Plaintiff has failed to demonstrate that he is entitled to withdraw his

26    stipulation that this matter should be arbitrated.  Finally, even if the Court allows Plaintiff to

27    withdraw his stipulation, the facts compel submitting this matter to binding arbitration—the parties

28    agreed to arbitrate any disputes arising out of, or in any way relating to their December, 2005

OPPOSITION TO MOTION FOR RECONSIDERATION OF REFERRAL TO ARBITRATION

agreement.  As shown above, the present dispute is substantially related to the earlier agreement, and thus, per the parties' agreement, must be arbitrated.  The Court should uphold its previous order submitting this matter to binding arbitration, but allowing the parties to first attempt to resolve their disputes through mediation.

Dated:  August 14, 2008                                    LAW OFFICES OF NEIL JON BLOOMFIELD


                                                    By:  _____
                                                            Neil Jon Bloomfield
                                                            Attorney for Defendant Uli Zangpo

OPPOSITION TO MOTION FOR RECONSIDERATION OF REFERRAL TO ARBITRATION