**LAW OFFICES OF NEIL JON BLOOMFIELD**
Neil Jon Bloomfield, Esq. (State Bar No. 52235)
901 E Street, Suite 100
San Rafael, CA 94901
Telephone: 415-454-2294
Facsimile: 415-457-5348
njbloomfield@njblaw.com

Attorneys for Defendant
ULI ZANGPO

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MORRISON.<br>Plaintiff,<br><br>vs.<br><br>ULI ZANGPO,<br>Defendant. | No. CV 08 1945 EMC<br><br>**NOTICE OF MOTION AND MOTION TO EXPUNGE LIS PENDENS, TO STRIKE FIRST AMENDED COMPLAINT, AND FOR ATTORNEYS' FEES** |

**NOTICE OF MOTION**

TO PLAINTIFF MARK MORRISON AND TO HIS ATTORNEYS OF RECORD:

Please take notice that Defendant Uli Zangpo will make this Joint Motion to Expunge the Notice of Pendency of Action recorded by Plaintiff, and to strike Plaintiff's First Amended Complaint, and For Attorneys' fees before this Court on December 31, 2008 at 10:30 a.m., or as soon thereafter as the matter can be heard, in Courtroom C of the United States Courthouse located at 450 Golden Gate Avenue, 15th Floor, San Francisco, California.

**RELIEF SOUGHT**

Defendant, Uli Zangpo, moves the court for 1) an order Striking Plaintiff's First Amended Complaint (filed October 10, 2008, as Document 51) as a Violation of The Stay Order, filed

September 30, 2008, 2) an order expunging the Notice of Pendency of Action (Lis Pendens) recorded on October 14, 2008 as document 2008-0046807 in the official records of Marin County, California, as a claim against the real property referred to generally in these proceedings as the Manzanita property; and 3) an award of reasonable attorney's fees to Defendant in connection with this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

There are three main reasons why the motion should be granted. First, the Amended Complaint (Document 51) and concomitant Lis Pendens were filed in violation of the Court's Order Staying this Case pending arbitration, and are also untimely under applicable United States District Court rules. The prior complaint had no claim relating to title to the property in question, the Manzanita property. Thus, the Amended Complaint should be stricken and the Notice of Pendency of Action expunged. If, however, the Court allows Plaintiff's improper documents, the second reason for granting the motion is that the Lis Pendens should still be expunged because the Amended Complaint also does not contain a real property claim to support a lis pendens claim against the Manzanita property. The third reason why the motion should be granted is the lis pendens was not in proper form (a proof of service is required to be recorded with and as part of the lis pendens by California Code of Civil Procedure section 405.23), and the statuatory procedure was not complied with in terms of an immediate filing required with this Court (the lis pendens is to be filed with the Court immediately upon recordation as per California Code of Civil Procedure Section 405.22) Defendant is entitled to attorneys' fees incurred in connection with this motion pursuant to the California Code of Civil Procedure section 405.38 .

**Procedural Background**

Plaintiff filed the initial Complaint in this action on April 11, 2008 (Document 1). Defendant filed a motion to dismiss and a motion to stay proceedings pending arbitration (Documents 8 and 11). On July 1, 2008, the Court issued an order in which it stated that if the motion to dismiss were to be denied, it would order mandatory arbitration. (Document 27). On July 28, 2008, the Court issued its

order denying the motion to dismiss. The Order also provided Plaintiff an opportunity to file a motion to reconsider the Court's previous order regarding mandatory arbitration. The Order further provided that Defendant is not required to file a response to the Complaint until further order of the Court. (Document 39). Plaintiff did file a motion to reconsider (Document 40). On September 30, 2008, the Court issued its Order denying Plaintiff's motion (Document 50.) In this Order, the Court ordered "that these proceedings and discovery be stayed pending the outcome of arbitration."

Despite the stay imposed by the Court, Plaintiff filed a First Amended Complaint on October 10, 2008 (Document 51). On October 14, 2008, Plaintiff recorded a Notice of Pendency of Action (Lis Pendens) with the Marin County Recorder. The recordation did not have a proof of service attached as required by the California Code of Civil Procedure. The Notice also was not immediately filed in this case as required by the California Code of Civil Procedure. A copy of the Notice as recorded is attached as Exhibit A to the declaration accompanying this motion. Defendant now seeks an order form the Court 1) Expunging the Notice of Pendency of Action, 2) Striking the First Amended Complaint, and 3) Awarding attorneys' fees incurred in connection with this motion.

## Argument

### I. The First Amended Complaint Was Filed While This Proceeding Was Stayed By the Court. It Should Be Stricken.

On September 30, 2008, the Court ordered this proceeding stayed. Plaintiff filed his First Amended Complaint on October 10, 2008. The stay has not been lifted, and the First Amended Complaint was filed while the stay was still in effect. A pleading filed in violation of a stay is void.[1]

---

[1] Although most reported cases discuss the automatic stay in bankruptcy, the Eastern District case *Flores v. Hagobian* (1:04-CV-6405, 2008 Lexis 6484) was based on a stay imposed by the District Court judge. The order filed in that case on January 18, 2008, determined that the bankruptcy stay had been misapplied, but still determined that an amended complaint filed while the stay was in effect must be stricken. The reasoning was that even if the stay was entered in error, the parties were obligated to follow the judge's order. Plaintiff's remedy to challenge the stay would have been to file a motion or an appeal, and not to violate the stay by filing an amended complaint while the stay was in effect.

The First Amended Complaint is void, and should be stricken. As such, it cannot support a Notice of Lis Pendens. (see section IV, infra) The Notice of Lis Pendens must therefore be expunged.

**II. The Court Lacks Jurisdiction**

Once a stay pending binding arbitration is ordered, the case essentially sits in the "twilight zone," in terms of permitting amended pleadings. *Blake v. Ecker* (2001) 93 Cal. App. 4th 728, 737-738. Plaintiff's Request for Declaratory Relief in its First Amended Complaint does not seek a determination whether matters are subject to arbitration. The Court, having determined that plaintiffs claims in the underlying dispute are subject to arbitration should strike or declare moot Plaintiff's Amended Complaint and Notice of Lis Pendens. *See, Nelson v. La. Elec. Rig Serv*., 2006 U.S. Dist. LEXIS 97517 (C.D. Cal. Feb. 21, 2006)(where court granted motion to compel arbitration and stay case, motions to amend were declared moot).

Plaintiff seeks by way of its Amended Complaint a determination of whether the option agreement in the Manzanita agreement is valid. (Document 51). Based on this Amended Complaint, Plaintiff filed the Notice of Lis Pendens which wrongfully clouds title to the Manzanita Property rendering it unsaleable. Plaintiff's addition of this claim essentially mandates a motion by Defendant to expunge the Notice, or have the property burdened and title clouded improperly.

Such tactics should not be rewarded. Indeed, courts have recognized that "the lis pendens procedure [is] susceptible to serious abuse, providing unscrupulous plaintiffs with a powerful lever to force the settlement of groundless or malicious suits." *BGJ Assoc., LLC v. The Superior Court of Los Angeles* (2000) 75 Cal. App. 4th 952 (citations omitted). Morever, "[t]he financial pressure exerted on the property owner may be considerable, forcing him to settle not due to the merits of the suit but to rid himself of the cloud upon his title. The potential for abuse is obvious." *Id.* (citations omitted).

The email from Mark Morrison to Neil Bloomfield attached to the Bloomfield declaration demonstrates Plaintiff's purpose, to attempt to tie up proceeds from any sale in an improper attempt to have an improper form of prejudgment attachment of Plaintiff's dubious claims.

Defendant requests that the Court determine that is it without jurisdiction to permit Plaintiff to amend without prior leave. The Notice of Lis Pendens be expunged in the interests of justice.

**III. The First Amended Complaint Should Be Stricken as Untimely Filed and Filed without Leave of Court**

Plaintiff's Amended Complaint was filed outside the permissible time for amending a complaint, and therefore should be stricken. Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once as a matter of course before being served with a responsive pleading; or within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.

Here, the Court's Order staying this case precludes Defendant from filing an answer to Plaintiff's complaint. As such, no responsive pleading to Plaintiff's complaint was allowed. The action is not on the trial calendar. Plaintiff's original Complaint was filed on April 11, 2008. The Amended Complaint was filed six months later on October 10, 2008, well past the 20 day limit envisioned by the Federal Rules.[2]

Plaintiff also failed to file the required motion for leave to amend. FRCP 15(a)(2). Although such motions are to be freely given as justice so requires, in this instance, justice required that any such motion be declared moot and/or denied because this case is stayed pending arbitration and the Court therefore lacks jurisdiction to render a decision. Accordingly, Plaintiff's filing is untimely and it should be removed from the court docket. Having no cause of action then upon which to base its "real property claim," the Notice of Pendency of Action must also be expunged.

//

//

//

//

[2] Even if the 20-day period began when the Court first issued its order that a responsive pleading is not required on July 28, 2008, the First Amended Complaint filed on October 10, 2008 was still not filed within the 20-day period

**IV. The First Amended Complaint Contains No Real Property Claim. The Lis Pendens Should Be Expunged.**

Should the Court deny the motion to strike Plaintiff's First Amended Complaint, the Notice of Pendency of Action should still be expunged as the Amended Complaint contains no "real property claim" required to support the recordation of a Lis Pendens.

28 U.S.C. § 1964 provides:

> Where the law of a State requires a notice of an action concerning real property pending in a court of the State to be registered, recorded, docketed, or indexed in a particular manner, or in a certain office or county or parish in order to give constructive notice of the action as it relates to the real property, and such law authorizes a notice of an action concerning real property pending in a United States district court to be registered, recorded, docketed, or indexed in the same manner, or in the same place, those requirements of the State law must be complied with in order to give constructive notice of such action pending in a United States district court as it relates to real property in such State.

A lis pendens should be expunged unless the action "affect[s] 'title to, or the right to possession of, *specific real property*.'" (Civ. Code, §§ 405.2, 405.4)(emphasis added: *Lewis v. Superior Court* (1994) 30 Cal App 4th 1850. Indeed, California Code Section 405.31 mandates that the Court ". . . order the notice expunged if the court finds that the pleading on which the notice is based does not contain a real property claim."

Courts determine whether a cause of action contains a "real property claim," through a "demurrer-like" review based solely on the adequacy of the allegations in the complaint. Evidentiary or extrinsic evidence is not considered. *BGJ Assoc., LLC v. The Superior Court of Los Angeles*, (2000) 75 Cal. App. 4th 952. In conducting thr review, courts should be mindful that this provisional remedy is to be narrowly applied as it "invite[s] abuse." *Id.*, at 970. The remedy is intended to alert anyone acquiring an interest in the property after the action was filed that they will be bound by the judgment. Thus, the effect of a lis pendens is that it effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged. *Id.*

To establish a "real property claim" that will support a lis pendens, the property at issue must be "specific" real property. California Code of Civil Procedure Section 405.4 The "plain language of the governing statute, section 405.4 of the Code of Civil Procedure, requires a pleading which alleges a claim that affects title or possession to 'specific real property.'" *Gael v. Superior Court*, (2004) 122 Cal. App. 4th 1388 (description of property in divorce proceeding was so vague and noncommittal that it could not support lis pendens).

Here, Plaintiff failed to identify in its Amended Complaint any specific property to which title could be affected. The Manzanita Property named in the Amended Complaint is not the subject of the option about which Plaintiff seeks judicial determination. Rather, the option concerns hypothetical and as yet unspecified properties that will result when and if the Manzanita Property is split into separate lots. In fact, Manzanita has not been "split." The First Amended Complaint does not even seek to have the Manzanita property split. The agreement between the parties does not describe the yet-to-exist split lots in the event that contingency occurs and the option becomes at issue. There is simply no property currently existing, specific or otherwise, upon which Plaintiff can make out a real property claim.

Because the option only becomes viable when and if Manzanita becomes two or more other, separately identifiable properties, any Lis Pendens would be properly noticed against those properties, when and if they exist. The allegations contained in the Amended Complaint do not state a cause of action for a "real property claim." Therefore, the Notice of Pendency of Action (Lis Pendens) is improper in that it does not affect title to specific real property, and should be expunged.

Moreover, the gravaman of Plaintiff's Amended Complaint is for monetary damages. In determining whether the claims in the pleading affect title to or possession of specific real property the courts have not interpreted "affect" literally; they have looked instead to the substance of the dispute. *BGJ Assoc.,* 75 Cal. App. 4th at 970 (referring to Lis Pendens as it applies to constructive trust cases). Here, claims one to six concern money damages regarding the Prospect property. These claims do not concern Manzanita. The seventh claim (added in the Amended Complaint) regards money as well. The eighth (also after-added) claim for Declaratory Relief that an option agreement is

valid purports to be about something other than money damages. [3] The substance of the Amended Complaint concerns money, and notice of lis pendens is clearly an abusive strategy intended to force Defendant into settling. Essentially, Plaintiff's amendments to the complaint wrongfully seek to attach the Manzanita property as collateral for their money claims. This is just the sort of situation courts envisioned when they declared that "the lis pendens procedure [is] susceptible to serious abuse, providing unscrupulous plaintiffs with a powerful lever to force the settlement of groundless or malicious suits." *BGJ Assoc., LLC v. The Superior Court of Los Angeles*, (2000) 75 Cal. App. 4th 952 (citations omitted). Plaintiff's tactics should not be allowed. The option claim is for a parcel that does not exist. It is an option to purchase a lot when and if a property that has not been subdivided is subdivided. The agreement itself allows an unwinding without delivery of title, so there is no proper claim against title in this case in any case.

A further indication that Plaintiff is not really concerned with title to any real property, but seeks only a means of pre-judgment attachment for his monetary claims, is the e-mail message he sent to Defendant's attorney on November 5, 2008 (attached as Exhibit B to the accompanying declaration), where Plaintiff outlines his requirements for the sale of the entire Manzanita property—primarily that funds be made available to him. The true purpose of his tactic is therefore clear.

Plaintiff's Amended Complaint fails to establish a real property claim and the Lis Pendens should be expunged.

V. **The Lis Pendens Does Not Comply with Statutory Requirements, and Therefore Should Be Expunged.**

California Code of Civil Procedure, Section 405.23 provides:

> Any notice of pendency of action shall be void and invalid as to any adverse party or owner of record unless the requirements of Section 405.22 are met for that

[3] The first claim is for "Violation of California Business & Professions Code Section 7031(b)" and seeks monetary damages. The second claim is for Breaches of Contract and seeks monetary damages. The third claim is for Breaches of Contract and seeks monetary damages. The fourth claim is for Breach of the Covenant of Good Faith and Fair Dealing and seeks monetary damages. The fifth claim is for "Common Count: Money Had and Received" and seeks monetary damages. The sixth claim is for "Common Count: Open Book Account" and seeks monetary damages. The seventh claim is for Breaches of Contract and seeks monetary damages.

> party or owner and a proof of service in the form and content specified in Section 1013a has been recorded with the notice of pendency of action.

Section 405.22 provides, in part, "Immediately following recordation, a copy of the notice shall also be filed with the court in which the action is pending."

Plaintiff did not file the Notice of Pendency of Action with this Court immediately after he had it recorded. As of the date of filing of this motion, it still has not been filed with the Court. Furthermore, Plaintiff failed to record a proof of service with the Notice of Pendency of Action.

Plaintiff's failure to comply with California Code of Civil Procedure sections 405.22 and 405.23 renders the lis pendens he recorded "void and invalid." *See also, McNight v. Superior Court* (1985) 170 Cal. App. 3d 291, 303. Since the lis pendens is void and invalid as to Defendant, it must be expunged.

**VI. Defendant Is Entitled To an Award Of Attorneys' Fees Incurred in Connection With this Motion.**

California Code of Civil Procedure, Section 405.38 provides,

> The court shall direct that the party prevailing on any motion under this chapter be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust.

Here, assuming Defendant prevails on this motion, the Court should award attorney's fees in favor of Defendant and against Plaintiff. There is no justification for Plaintiff to have filed the Lis Pendens when his First Amended Complaint contained no claim that affects real property and was filed in violation of the stay imposed by the Court. Defendant will provide further information as the hearing date approaches, but presently estimates that his attorneys' fees incurred in connection with this motion will approximate $3,750.00. The Court should award reasonable attorney's fees to Defendant.

//

//

**Conclusion**

For the reasons stated above, the Court should 1) Strike the First Amended Complaint, 2) Expunge the Notice of Pendency of Action recorded by Plaintiff, and 3) Award reasonable attorneys' fees to Defendant for the violations of the Courts stay of these proceedings, and for misusing the state lis pendens remedy.

Dated: November 20, 2008 LAW OFFICES OF NEIL JON BLOOMFIELD

By: __/s/ Neil Jon Bloomfield______________
Neil Jon Bloomfield
Attorney for Uli Zangpo