United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK MORRISON,

        Plaintiff,

   v.

ULI ZANGPO,

        Defendant.
_____/

No. C-08-1945 EMC

**ORDER MEMORIALIZING CASE MANAGEMENT CONFERENCE**

        The Court held a case management conference in the above-referenced case on December 3, 2008. At the conference, the Court gave the parties guidance regarding Defendant Uli Zangpo's recently filed motion. *See* Docket No. 52 (motion).

        The Court shall not strike the first amended complaint ("FAC") nor shall it award fees to Mr. Zangpo as sanctions. Although it was the Court's intent to stay all proceedings in the case except for ADR, as worded, the order of September 30, 2008, is ambiguous. *See* Docket No. 50 (Order at 9-10) ("order[ing] that these proceedings and discovery be stayed pending the outcome of arbitration" but then stating that "enforcement of this order pending completion of ADR" is stayed). Consequently, the Court cannot say that Plaintiff Mark Morrison violated the September 30 order by filing the FAC.

        Moreover, under Federal Rule of Civil Procedure 15(a), Mr. Morrison had the right to amend once as a matter of course, as no answer to the original complaint had been filed. *See* Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course . . . before being served with a responsive pleading . . . ."). Mr. Zangpo's contention that Mr. Morrison had only 20 days to amend his complaint because "a responsive pleading is not allowed," Fed. R. Civ. P. 15(a)(1)(B), is

without merit. A responsive pleading to the complaint is clearly allowed here -- *i.e.*, an answer; the Court simply held in a previous order that Mr. Zangpo was not required to file an answer until further order of the Court. *See* Docket No. 39 (Order at 5). Rule 15(a)(1)(B) is targeted to, *e.g.*, answers to which, without doubt, no responsive pleadings are allowed. *See* 15 Moore's Fed. Prac. -- Civ. § 15.13 (noting that "leave is required to add an affirmative defense to an answer (as to which no responsive pleading is permitted) if more than 20 days have passed since service of the answer").

Accordingly, the only issue that remains for the Court with respect to Mr. Zangpo's motion is the request to expunge the lis pendens. At the hearing on the motion on January 14, 2009, this shall be the sole focus of the Court. Papers filed by the parties should be briefed consistent with this directive.

As noted at the hearing, the stay is also lifted in part to allow Defendant to file a counterclaim. No answers or other responses to the FAC or counterclaim shall be permitted absent further order. Furthermore, the settlement conference herein shall proceed as scheduled.

IT IS SO ORDERED.

Dated: December 4, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

2