UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARK MORRISON,<br><br>　　　　Plaintiff(s),<br><br>　　v.<br><br>ULI ZANGPO,<br><br>　　　　Defendant(s). | No. C08-1945 EMC (BZ)<br><br>**ORDER RESOLVING<br>SETTLEMENT TERMS** |

　　　On December 16, 2008, I presided over a settlement conference in this matter.  A settlement was reached and placed on the record.  As part of the settlement, the parties agreed that if they could not agree on the terms of the settlement documents, I could resolve their disagreement.  The parties agreed that each side would submit proposed language and I could choose which proposal best effectuated the terms of the settlement.

　　　On February 24, 2009, Mr. Bloomfield, counsel for defendant and cross-complainant, filed a letter with extensive attachments explaining that disputes had arisen, providing proposed

1

settlement documents and elaborating on the nature of each of the nine disputes.  On February 25, 2009, Mr. Morrison filed a letter setting forth his position.  Mr. Bloomfield filed a reply dated March 2, 2009.

Having reviewed the submitted documents and having listened to the record of the settlement, **IT IS HEREBY ORDERED** that the settlement shall be consummated as follows:

1. **Form of Note and Deed of Trust**:  The essential terms of the Note are that it would be for $300,000, have a one year term beginning January 1, 2009, bear interest at 6%, have no prepayment penalty and would be secured by a Deed of Trust.  The Zangpo proposal, Exhibit D-1, contains those terms.  As the settlement was being placed on the record, the Court gave the parties amble opportunity to propose additional terms, reminding them that it was important to get all the essential terms on the record.  The terms Mr. Morrison is proposing were not placed on the record and the Court does not deem them to be essential terms.  The fact that certain terms were part of the underlying transaction does that not mean that they are necessary to effectuate the purposes which the Note serves.

2. **Jennifer Baker**:  Ms. Baker is not a party to this lawsuit, did not participate in the settlement and need not sign the Note.  However, one of the terms of settlement is that a state court action to which Jennifer Baker is a party be dismissed.  The settlement was conditioned on Mr. Zangpo getting Ms. Baker's consent to dismissing it.  It would therefore be appropriate for Ms. Baker to execute whatever release is required in connection with the dismissal of the state court

2

lawsuit. However, as she was not a party to this lawsuit and there was no request by Mr. Morrison that she participate in the settlement of this action by executing any settlement agreement, she is not required to sign the settlement agreement.

3. **Due On Sale**: A due on sale clause is not an essential term of this settlement and was not a term to which the parties agreed on the record.

4. **Late Fees**: Late fees is not a essential term of this settlement and was not a term to which the parties agreed on the record.

5. **Issues about Fire Insurance and Instability**: These matters were not discussed during the settlement conference and no agreement as to these terms was placed on the record. The Court does not regard them as essential terms of the settlement.

6. **Disputed Right of Entry/Non-Interference**: This issue was not discussed during the settlement conference and no agreement as to it was placed on the record. Accordingly, Mr. Morrison has whatever rights of entry or "interference" any member of the public or any beneficiary of a Deed of Trust would have.

7. **Sciaroni Issues**: The Court does not understand the nature of the dispute over the so-called Sciaroni issues. The Court understands that Mr. Sciaroni has given the requisite approvals to allow this settlement to proceed.

The Court believes that with this guidance, the parties should be able to execute an appropriate settlement agreement.

///

///

If not, they may contact my secretary, Rose Maher at **415-522-4093**, to schedule a telephone conference.

Dated: March 13, 2009

_____
Bernard Zimmerman
United States Magistrate Judge